[No. 4991.]

[No. 2538 C. A.]

THE KEEFE MANUFACTURING AND INVESTMENT COM-
PANY V. BOARD OF EDUCATION OF SCHOOL DISTRICT
No. ONE, IN ARAPAHOE COUNTY, ET AL.

1. **Mandamus—Public Officials—Discretion.**

Mandamus will not lie to control the discretion of a public official.

2. **Same—School Districts—Contracts—School Buildings.**

Under the special act creating school district No. 1 of Arapahoe county (Acts 1874, p. 234), providing that no money shall be paid out of the funds of said school district, except upon resolution of the board of education, and under a contract between said board and a contractor to erect a school building, which provided that the board might adjust and pay any claims for labor done or material furnished in the construction of such building, the board was vested with a discretion as to the allowance of such claims, and mandamus will not lie to compel the payment thereof by the board.

*Appeal from the District Court of Arapahoe County:
Hon. Frank T. Johnson, Judge.*

Mr. F. A. WILLIAMS, for appellant.

Mr. W. D. TODD and Messrs. DOUD & FOWLER, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

On the petition of appellant, an alternative writ of mandamus issued, which set forth, substantially, the following facts:

Respondent board of education was a *quasi* public corporation, organized under a special act of the legislative assembly of the territory of Colorado, acts 1874, page 234; other respondents were president and treasurer, respectively, of the board; the board contracted with one Towers to build a school building; Towers contracted with one Smith, for certain of the

brick-work in connection with such building; Smith contracted with the petitioner (appellant) to furnish brick; the building was completed, and a balance of about $5,000.00 is held by the board, of the money owing to the original contractor, Towers; there is a balance due petitioner on account of brick furnished by it to Smith, of $1,606.00; the petitioner demanded payment of the board of the amount alleged to be due it, which demand was refused.

For a second cause of action, substantially the same facts were alleged with reference to a claim of a sub-contractor of Smith, for a balance of $307.30, alleged to be due for lime, cement and plaster furnished, which claim had been assigned to petitioner.

The mandate of the alternative writ was: "To draw, or cause to be drawn, in accordance with the rules of your said board, and upon the school fund of said district, providing for the construction of said school building and appurtenances, a warrant, or warrants, of your said board, payable to the order of said petitioner, for the sum of $1,913.30, and deliver the same to said petitioner, and, upon presentation of said warrant for payment, duly indorsed or receipted by the petitioner, you, the said respondents, the board of education of School District No. one (1) of the county of Arapahoe and state of Colorado, and Thomas Keely, as treasurer of said board, are hereby required to pay the same, out of said funds," or show cause why the same had not been done.

A demurrer having been sustained to the alternative writ, the petitioner electing to abide by its petition, judgment of dismissal was rendered thereon, from which this appeal.

1.   The principle is elementary, that the writ of mandamus will not lie to control the discretion of a public official, and such has been the law of this state

since the announcement thereof in *The People v. Auditor*, 2 Colo. 97, wherein Judge Belford, speaking for the court, said:

"Where it appears that the officer, as in this case, is called upon to audit and examine claims, and in doing so, is invested with judicial powers, a court, while it may compel him to take action, will never dictate what his decision shall be, and this is the exact thing the plaintiffs in error asked."

To the same effect are: *Rhodes v. Board of Public Works*, 10 Colo. App. 99, 107; *Union Colony v. Elliott*, 5 Colo. 371, 373; *Howell v. Cooper*, 2 Colo. App. 530; *Greenwood Cemetery Co. v. Routt*, 17 Colo. 156, 160; *People v. District Court*, 18 Colo. 26, 39.

Under the contract, and the law governing the respondent board, the board was vested with a discretion as to the allowance of the claims presented by petitioner.

The contract provides:

"The party of the first part may adjust and pay any just amount claimed * * * to be due said claimant, according to its judgment," so that, by the express terms of the contract, the adjustment and payment of such claims is left to the judgment of the respondent board.

Exercise of judgment necessarily involves the exercise of discretion.

A part of section 14 of the act creating respondent board, *supra,* is as follows:

"The board of education shall direct, by resolution, the payment of said funds; and no money shall be paid out of such fund, except in pursuance of such resolution, and, on the written order of the president of the board of education, countersigned by the secretary."

The funds referred to in the above quotation include the fund here sought to be controlled.

The authorization of payment, by resolution, necessarily involves the allowance and audit of a claim, which involves the exercise of judgment or discretion of the same character as that provided for by the contract.

Under the authorities above cited, it is clear that the writ prayed for by this petition should not have been granted.

*State v. Liebes,* 19 Wash. 589, 54 Pac. 26, is relied upon by petitioner in support of its contention. The facts in that case clearly distinguish it from the facts set forth in the alternative writ herein, and render it inapplicable as an authority.

The facts, as stated in the alternative writ, were not sufficient to constitute a cause of action.

The demurrer was properly sustained.

The judgment should be affirmed, and it is so ordered.                                    *Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE GUNTER concurring.