[No. 7202.]

THE PEOPLE EX REL. V. COUNTY COMMISSIONERS OF GRAND COUNTY.

MANDAMUS—*To a Public Officer or Board—Discretionary Duty*— Mandamus will lie to compel a public officer, in default of the performance of an act enjoined as a duty resulting from his office, to proceed; but will not control his action, where he is vested with discretion.

Mandamus to compel the county commissioners to repair a bridge. The writ merely averred that they "refused" to make the repairs. *Held,* there being no averment that the board renounced jurisdiction, and refused to take action, the writ was fatally defective; that for anything appearing, the board might have examined the matter and thought it unwise or inexpedient to make the repairs,

*Error to Grand District Court.*—Hon. CHARLES Mc-CALL, Judge.

Mr. DAVID P. HOWARD and Mr. CHARLES C. CLEMENT, for plaintiff in error.

Mr. B. C. HILLIARD and Mr. J. R. ALLPHIN, for defendants in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. On public highways crossing the Grand river within the town of Hot Sulphur Springs, are two bridges, each exceeding forty feet in length. They were originally constructed by Grand county, on roads leading to the county seat. Afterwards the town extended its limits to include the bridges, and the question giving rise to this controversy, is whether it is the duty of the town, or the county, to maintain the bridges, since they have been taken into the town limits. The county commissioners refused to repair the bridges, and an alternative writ of mandamus was issued commanding them to make the repairs or show cause why they should not do so. Demurrers to the writ were sustained, and petitioner electing to stand by the pleadings, the court dismissed the action.

2. Counsel for plaintiff in error contend that under section 6577, R. S., it was the duty of the county to repair these bridges. Counsel for defendant in error contend that the town had exclusive control over the bridges and that the commissioners were without jurisdiction to appropriate county funds for that purpose. Without expressing any opinion about the controversy, we are obliged to affirm the judgment. The general demurrer to the writ was properly sustained. It contained no allegation that the board denied it was its duty to repair the bridges, and refused to act or consider the matter; the only allegation being that it refused to make the repairs. When an officer is in default in the performance of an act enjoined as a duty resulting from his office, mandamus will lie to compel him to proceed; but where the manner, expediency or necessity of doing the work lies in his discretion, the court will not attempt to control his action. While it may have been their duty to repair these bridges, still, the commissioners were vested with discretion as to the manner, expediency or necessity of making the repairs, and the court will not control their discretion. The court was without power to compel them to

repair the bridges, or control their action in the matter. If the refusal of the commissioners to proceed was based on their lack of jurisdiction, founded on an erroneous belief that they thought themselves disqualified to take any action in the matter, because the bridges lay inside the municipality, then mandamus would lie for the purpose of compelling them to proceed in the exercise of their discretion. But even if this contention is correct, the court could not compel them to make the repairs, because that was a matter that lay wholly within their discretion. For aught that appears outside of the briefs, the commissioners may have exercised their discretion, and thought best not to make the repairs. Conceding, but not deciding, that plaintiff places a correct construction on the statute, still, to have stated a cause of action, in addition to the allegation that the commissioners refused to make the repairs, it should have been alleged that they denied the matter was within their jurisdiction, and refused to take any action or exercise any discretion in the matter.—*Union Colony v. Elliott*, 5 Colo. 371; *People ex rel. v. District Court*, 14 Colo. 396; *Greenwood Co. v. Routt*, 17 Colo. 156; *Corthell v. Mead*, 19 Colo. 386; *People ex rel. v. Butler*, 24 Colo. 401; *Keefe Mfg. & Inv. Co. v. School Dist.*, 33 Colo. 513.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.