### No. 10,489.

### SORENSEN, ET AL. v. ECHTERNACHT.

Decided October 1, 1923.

Mandamus to compel the issuance of school warrants in payment of a teacher's salary. Judgment for plaintiff.

### *Reversed.*

1. SCHOOLS—*Teacher's Salary—Mandamus.* Under the facts disclosed in this case, mandamus will not lie to compel the issuance of warrants by a district school board, in payment of a teacher's salary.

2. *Claims—Duty of Board—Mandamus.* It is the duty of a school board to disallow invalid claims, according to its judgment, and courts cannot control that judgment by mandamus.

3. MANDAMUS—*Writ, When Issued.* Section 343, code of 1921, forbids the writ of mandamus where there is a plain, speedy and adequate remedy at law, which it is held, exists in the instant case.

*Error to the District Court of Lincoln County, Hon. Arthur Cornforth, Judge.*

Mr. HENRY TROWBRIDGE, for plaintiffs in error.

Mr. JOHN G. REED, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

GLADYS ECHTERNACHT, defendant in error, brought mandamus against Sorensen, Miller and Jackett "as the board of directors of school district No. 11 in Lincoln county" to compel the issue of warrants to her, and a peremptory writ was granted. They bring the case here for review.

Her causes of action were a balance of salary as teacher and a claim for $35 promised her as a bonus. The defendants disputed both claims and set up a counterclaim for money had and received by her for the use of the district, which she disputed. The district was not a party to the proceeding and no judgment (upon either of her claims) had ever been rendered nor suit brought, nor upon the claim of the district against her. The court allowed the balance of salary and disallowed the counterclaim. It also disallowed the bonus, for which defendant in error assigns cross error.

The chief question is whether, under such facts, mandamus will lie. That it would not at common law is elementary. We think that under the codes the great weight of authority is against it. It is claimed, however, that in this state the decisions support it. We do not think so. It is the duty of the school board to disallow invalid claims according to its judgment and courts cannot control that judgment by mandamus. *People v. Auditor, etc.,* 2 Colo. 97; *Keefe Mfg. & Inv. Co. v. School Dist.,* 33 Colo. 513, 515, 81 Pac. 257, and cases therein cited.

The cases cited to the contrary from this state are not in point. *Civil Service Com. of Denver v. Casey,* 67 Colo. 398, 181 Pac. 193, does not present the case of a disputed claim but the question of the right of a wrongfully discharged officer to a certification of his salary by the civil service commission. In *Board v. Rusan,* 72 Colo. 197, 210 Pac. 328, the relator was an employee of the state which cannot be sued, therefore there was no remedy at law. *Board v. Hayden,* 13 Colo. App. 36, 56 Pac. 201, was a suit to compel the board of public works to make an estimate. The case is rather against than for defendant in error.

The code of 1921, § 343, forbids the writ of mandamus

where there is a plain, speedy and adequate remedy at law. The remedy at law, in the present case, is as plain, speedy and adequate as such remedy can ever be against a municipal or quasi municipal corporation. If, therefore, we should hold that mandamus lies here we should in effect hold that it would lie for every cause of action *ex contractu* against such a corporation. We do not believe that such is the law.

This conclusion makes it unnecessary to consider the other matters mentioned in the briefs.

Judgment reversed with directions to discharge the alternative writ.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.