No. 19,292.

EUGENE MARZEC *v*. FREMONT COUNTY SCHOOL DISTRICT
NO. 2, ET AL.
(349 P. [2d] 699)

Decided February 29, 1960.

Messrs. JENKINS, STEWART & TURSI, for plaintiff in error.

Mr. JACK MERWIN, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in the same order they appeared in the trial court. We refer to the plaintiff in error by name, and to the defendant in error as defendant or the board.

Marzec, on March 21, 1956, filed his complaint in the district court, seeking relief for loss occasioned by the board's refusal to grant him rights to stable and continuous tenure claimed as a teacher in the defendant school district, and as provided by C.R.S. '53, 123-18-3, the pertinent portion of which reads as follows:

"Any teacher having served * * * on a regular full-time basis continuously and without interruption for *three full years, and who shall thereafter* * * * *be re-employed for the fourth year* immediately succeeding * * * shall have stable and continuous tenure as a teacher in such school * * * ." (Emphasis supplied.)

Marzec in his complaint alleged that (a) he was a teacher; (b) he had been employed by the defendant as a teacher and served as such during the following periods: December ........., 1951 to August 31, 1952; September 1, 1952 to August 31, 1953; September 1, 1953 to August 31, 1954; September 1, 1954 to August 31, 1955; (c) that on April 15, 1955, the board notified him that his contract for the school year 1955-1956 would not be renewed; that he was refused employment for the school year 1955-1956 and subsequent years to his damage.

To this complaint the board filed its motion to dismiss the complaint for the reason that it failed to set forth facts showing Marzec entitled to any relief. The trial court sustained this motion and entered judgment against Marzec and in favor of the board.

Marzec is here by writ of error, seeking reversal.

The only question presented to the trial court and this court is:

DOES THE PERIOD OF EMPLOYMENT OF MARZEC, AS SET FORTH IN HIS COMPLAINT, BRING

HIM WITHIN THE TERMS OF THE STATUTE PROVIDING FOR TEACHER TENURE BENEFITS?

To resolve this question we first turn our attention to the purpose of the legislation. In 78 C.J.S. 1011, Schools and School Districts, §180 (c), it is stated:

"The purposes and design of teachers' tenure laws have been the subject of considerable discussion by the courts. Thus, it has been said that the objectives sought by such legislation are to protect competent and qualified teachers in the security of their positions, to assure them, in other words, in their employment during competency and good behavior, and to protect them, *after they have undergone an adequate probationary period,* against removal for unfounded, flimsy, or political reasons. * * *." (Emphasis supplied.)

The following quotation from the opinion of Justice Crow of the Illinois Court of Appeals, Second District, though dealing with the Illinois Tenure Act, is equally applicable to the facts of this case and our tenure act:

" * * * The Teacher Tenure Law was enacted primarily for the protection of Illinois teachers who, prior to its enactment in 1941, served at the pleasure of the Board of Directors *or* [of] Education as to any renewals of their periods of service. Its object was to improve the Illinois school system by assuring teachers of experience and ability a continuous service and a rehiring based upon merit, subject to the provisions of that law, rather than failure to rehire upon nonstatutory reasons: Donahoo v. Board of Education of School Dist. No. 303, 413 Ill. 422 (1953); Betebenner v. Board of Education of West Salem Community High School Dist. No. 201, Edwards County, 336 Ill. App. 448 (1949) Fourth Dist." *Hankenson v. Board of Education of Waukegan TP.,* 10 Ill. App. (2d) 79, 141 N.E. (2d) 5.

█ This act is in derogation of the common law. Prior to the adoption of teacher tenure legislation, school boards were at liberty to hire and fire at will. The present act not only deprives school boards of such priv-

ileges, but goes further and under certain specified conditions subjects such boards to liabilities — liabilities over which the boards have no control. Such legislation must be strictly construed in favor of those upon whom the liability is imposed. In 82 C.J.S. 943, Statutes, §394, it is stated:

"A statute creating a new liability or increasing an exisiting liability, or even a remedial statute giving a remedy against a person who would not otherwise be liable, must be strictly construed in favor of persons sought to be subjected to their operation. Such statutes will not be so extended as to include liabilities other than those designated or fairly within their terms. * * * ."

In *Anderson v. Board of Education*, 390 Ill. 412, 61 N.E. (2d) 562, the court said:

" * * * The Teacher Tenure Law clearly creates a new liability where none would otherwise exist; it makes a contract for the parties by operation of the law, where otherwise none would exist. Therefore, under this rule above quoted, the word 'year' should be given a strict construction and its meaning not extended beyond the ordinary meaning of the word. * * * ."

At no time after completion of "three full years" as a teacher was Marzec re-employed for a *fourth year*. Had he been so re-employed he would have been entitled to tenure; having failed of re-employment for a fourth year, he had no tenure and is entitled to none of the benefits of tenure.

The statutory provision requiring *three full years* of teaching followed by re-employment thereafter, serves a very definite and useful purpose and it cannot be shortened or waived by the board. This three full years of teaching, a sort of probationary period, is a reasonable period of time fixed by the legislature enabling the board to make a meaningful, on-the-job appraisal of the teacher's ability to perform his duties; to evaluate his worth to the school and determine whether

he should become a permanent employee of the district, subject to removal only as provided in the act.

In the case before us the board, after having three full years to make such appraisal, refused to re-employ Marzec. In so doing it was clearly within its rights.

In 78 C.J.S. 1017, Schools and School Districts, §180 (4) (2), it is said:

"In order to attain permanent or indefinite tenure, a teacher or other eligible school employee must, and it is sufficient if he does, satisfy whatever requirements as to probationary service the statute imposes on him in the light of his classification, the character of his employment, and the school in which such service is rendered. Even in the absence of express statutory provision therefor, where a statute requires a determination by the board of a candidate's aptness before employing him for an indefinite term, the board has power to subject a candidate to a test of actual work as a teacher. Where the length of the probationary period is fixed by the legislature, a school board is without authority to change it by contract or otherwise. * * * ."

In *Wilson v. Board of Education,* 394 Ill. 197, 68 N.E. (2d) 257, a case in which the teacher had served one year, eleven months and eight days of a required two years' probationary period, the court in denying tenure said:

"The questions involved in this appeal have been decided by this court in Anderson v. Board of Education, 390 Ill. 412, 61 N.E. (2d) 562, and People ex rel. Davidson v. Bradley, 382 Ill. 383, 47 N.E. (2d) 93. In the Anderson case we held two things were necessary to state a cause of action under the Teachers Tenure Law: (1) that to come under the provisions thereof the teacher shall have been employed as a full-time teacher for the probationary period of two years, one of which shall be subsequent to the date this act became effective; (2) that there must be a probationary period of two consecutive years, and that for any part of the pro-

bationary period occurring prior to the effective date of the Tenure Law the same must be established as probationary by a contract between the parties, and that this probationary period was a prerequisite, under the statute, to contractual continued service.

"In the Anderson case we held the term 'years' meant calendar years, and therefore the petitioner in that case was denied a writ of mandamus because the year was a school year of less than twelve calendar months after the Tenure Law took effect, and hence she did not fulfill the requirement of having one consecutive year of service after it became a law. * * * ."

The judgment is affirmed.