No. 20864.

Lena J. Maxey, Administratrix of the Estate of
Clyde A. Maxey, Deceased *v.* Jefferson
County School District No. R-1.
(408 P.2d 970)

Decided December 20, 1965.

FLOWERS and MCKEVITT, for plaintiff in error.

HAROLD D. LUTZ, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE sole issue on this writ of error is whether Clyde A. Maxey, now deceased, was entitled to be paid as a tenured teacher under teacher salary schedules in force from September 1, 1953 to the date of his death on or about April 8, 1960.

The case was heard by the trial court without a jury on an agreed statement of facts. The court thereafter dismissed the complaint on the grounds of laches and estoppel since the deceased, during his employment, had neither complained about nor sought to enforce payment of the salary differential which, admittedly, totals the sum of $8,984.09, plus interest.

In essence, the written "Agreed Statement Of Facts" sets forth the following pertinent points, viz.:

(1) That Maxey "from on or about September 1, 1951 to the date of his death * * * was employed by the defendant on a regular full time basis continuously and without interruption in an administrative capacity as a County-Wide Supervisor; that during the period of time * * * he held a Master of Arts Degree and a Graduate Life Teaching Certificate * * * duly registered in the Office of the County Superintendent of Schools of Jefferson County, Colorado."

(2) "That during the period of time the deceased was employed by the defendant he had stable and continuous tenure as a teacher in the defendant school district within the meaning of the teacher tenure laws of Colorado."

(3) That defendant had regularly published teacher tenure schedules during the period in question, and that plaintiff in error contends that these schedules encompass Maxey both in fact and in law, although defendant denies such coverage.

We further note that although defendant's Answer admits the employment and denies the claimed coverage, yet it fails affirmatively to plead laches or estoppel as required by Rule 8(c), R.C.P. Colo. Nor does this record show any waiver by plaintiff in error of her right to object to defendant raising these issues at a later time. In this connection, the record discloses that such defenses were first urged upon the court orally at the trial. Not having been pled, as required, we hold that the trial court erred in considering such defenses, especially over the objections of counsel for plaintiff in error. *Bernklau v. Stevens*, 150 Colo. 187, 371 P.2d 765 (1962); *McPherson v. McPherson*, 145 Colo. 170, 172, 358 P.2d 478 (1960). Defenses and objections not presented as required by our rules are deemed waived. Rule 12(h), R.C.P. Colo.

The rights, if any, of plaintiff in error to recover under the "Agreed Statement of Facts" is one of law and is contingent upon whether the statute in question required payment to Maxey, a tenured teacher, under the admitted schedules. In this connection, C.R.S. '53, 123-18-5, then in effect, specifically provided that a teacher on continuous tenure could be transferred "from one school, position, or grade to another within the same district * * * provided that such transfer shall not change the position to which such teacher is entitled on the regular teacher salary schedule * * *." And, C.R.S. '53, 123-18-6, then in effect, provided that sal-

aries of teachers on continuous tenure may be changed "to accord with the general salary schedule" provided there is no reduction in salary of such a teacher unless "there is a general reduction in the salaries of fifty per cent or more of all teachers in the district." Here 123-18-5 applied to Maxey and there was no showing by the defendant that 123-18-6 did not also protect him under the fifty per cent reduction provision.

■■ As a matter of law, under the agreed facts, the defendant district failed to pay Maxey during the period in question the full salary to which he was entitled. Such a tenure act has the effect of a contract between teacher and district. *Marzec v. School District,* 142 Colo. 83, 86, 349 P.2d 699 (1960). And, though the district could and did assign him to work other than teaching, it could not thereby reduce his annual salary; it had to pay him according to its adopted teacher schedules. See: *School District v. Brenton,* 137 Colo. 247, 323 P.2d 899 (1958).

No defenses as to time limits having been pled by defendant, we hold that Maxey's administratrix was entitled to recover the full sum agreed to be due, to wit, $8,984.09, together with interest thereon and costs.

The judgment is reversed and the cause is remanded to the trial court with directions to vacate its former judgment and to enter a new judgment in accordance with the views herein expressed.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.