**Ronald G. POWERS, Plaintiff,**

v.

**MANCOS SCHOOL DISTRICT RE-6 MONTEZUMA COUNTY, COLORADO, et al., Defendants.**

**Civ. A. No. C-5131.**

United States District Court, D. Colorado.

Dec. 19, 1973.

Larry F. Hobbs and Jeannine Bradley Volz, Denver, Colo., for plaintiff.

Richard C. Cockrell and Peter J. Wiebe, Jr., Denver, Colo., for defendants.

## ORDER

CHILSON, District Judge.

The plaintiff, a non-tenured teacher whose employment was not renewed, seeks money damages and injunctive relief from the defendant school district and the members of the Board of Education of the District. Plaintiff alleges that failure to continue his employment was a violation of his rights under the First and Fourteenth Amendments to the Federal Constitution and seeks relief pursuant to 42 U.S.C. § 1983.

The defendants moved to dismiss the complaint for its failure to state a claim upon which relief can be granted and that the Court does not have jurisdiction of the subject matter of the complaint.

Briefs in support of and in opposition to the motion have been received and considered by the Court and oral argument had.

■ The motion to dismiss the School District as a party defendant should be sustained because the School District is not a person within the meaning of § 1983.

Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109.

■■ In considering the motion to dismiss as to the other defendants, the Court must assume the allegations of fact in the complaint are true. Upon this assumption, the First Statement of Claim states sufficient facts to state a claim upon which relief may be granted and the motion to dismiss the First Statement of Claim should be denied. See Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 and Smith v. Losee, (10th Cir. 1973) 485 F.2d 334.

The Second Statement of Claim alleges that by virtue of the tenure statute of the State of Colorado (C.R.S.1963, 123–18–10 and 123–18–12), plaintiff's continued employment could be terminated only for cause and upon notice and an opportunity to be heard and that the failure of defendants so to do was a violation of plaintiff's rights under the Fourteenth Amendment to the Federal Constitution.

■ This conclusion is untenable. The tenure statute clearly discloses a legislative intent that the first three years of a teacher's employment is a probationary period during or at the end of which the School Board may evaluate his worth to the school and determine whether or not he should become a permanent employee. Not until the teacher has been reemployed for the fourth academic year does the teacher have any valid expectation of continued employment. Consequently, the plaintiff, not having attained tenure, does not have a constitutional right to a statement of reasons for his discharge and a hearing on the decision not to rehire him for another year. The Second Claim does not state a claim upon which relief may be granted and the motion to dismiss it should be sustained. Board of Regents v. Roth, 408 U.S. 564 at 569, 92 S.Ct. 2701, 33 L.Ed.2d 548; Marzec v. Fremont County School District, No. 2, 142 Colo. 83, 349 P.2d 699.

The Third Claim for relief alleges, in essence, that plaintiff's employment could not be terminated without procedural due process, that is a notice to the plaintiff of the reasons for not continuing his employment and an opportunity for the plaintiff to be heard. The Third Claim for relief does not state any facts upon which relief may be granted. The plaintiff, upon the facts alleged in the Third Claim, does not have a constitu-

tional right to a statement of reasons and a hearing thereon. This claim is also governed by Board of Regents v. Roth, *supra*. The motion to dismiss it should be sustained.

The Fourth Claim for relief does not state an independent claim but in essence is merely a statement of an element of damage for the alleged violations of the plaintiff's constitutional rights set forth in the First, Second, and Third Claims for relief. Since it is not properly a basis for an independent statement of claim, the motion to dismiss the Fourth Claim should be sustained.