## No. C-954

**Julesburg School District No. RE-1, in the County of Sedgwick and State of Colorado v. Ruth Ebke, Lillie M. Parker, Lucy Smith, Pat Snyder, Wilbur H. Mead, Brenda Nielsen, Gerald Lammers, Michelene Svanda, Jane Kaltenback, Phil Snyder, Jean Williamson, Marvin Trennepohl, Sam Kobayaski, Ed Kippes, Dennis Thuringer, Carlene Borrow, Glenna M. Kizer and Bruce K. Yearous**

(562 P.2d 419)

Decided April 4, 1977.

Yegge, Hall and Evans, Don R. Evans, Reese Miller, Paul Cooper, for petitioner.

Alperstein, Plaut and Busch, Frank Plaut, Ruthanne Polidori, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This case concerns a suit instituted by eighteen teachers of the Julesburg School District requesting damages and injunctive relief. The district court determined that the teachers' exclusive remedy was an action pursuant to C.R.C.P. 106 and that since the suit had not been filed within 30 days after as provided in C.R.C.P. 106(b), the defendant school district's motion for summary judgment should be granted. The court of appeals reversed, holding that this was a contract action not wholly governed by C.R.C.P. 106. *Ebke v. Julesburg School District*, 37 Colo. App. 349,

550 P.2d 355 (1976). We granted certiorari to consider the applicability of Rule 106. We now affirm the judgment of the court of appeals.

The school district, pursuant to the Teacher Employment, Dismissal, and Tenure Act, section 22-63-101 *et seq.*, C.R.S. 1973, had adopted a salary schedule which also provided for longevity increments. On February 22, 1972, the school board of the district felt that the federal wage-price freeze then in effect required that these seniority increases not be granted for the 1972-1973 school year. In 1973, the board refused to reimburse the teachers in their 1973-1974 contracts for the loss of the longevity increments and also refused to place them on the pay level which they would have attained without the wage freeze. As a result, the teachers have remained a "step behind" in each of the following years. The teachers are seeking a mandatory injunction requiring the school board to put into effect the salary schedule previously adopted and an order requiring the defendant to pay lost past salary.

I.

The petitioner argues that (1) an action in the nature of mandamus, under C.R.C.P. 106(a)(2), is the exclusive remedy applicable to the instant case, and (2) the time requirements of Rule 106(b) apply.

C.R.C.P.(a)(2) provides that relief may be obtained in district court: "Where the relief sought is to compel an inferior tribunal, corporation, board, officer or person to perform an act which the law specially enjoins as a duty resulting from an office, trust, or station. . . . The judgment shall include any damages sustained."

Case law in this state supports the view expressed by the court of appeals that the instant action is based on a breach of contract and, therefore, mandamus is not the exclusive remedy. Both *Maxey v. Jefferson County School District No. R-1*, 158 Colo. 583, 408 P.2d 970 (1965), and *Marzec v. Fremont County School District*, 142 Colo. 83, 349 P.2d 699 (1960), held that the Teacher Tenure Act creates a contract by law between the school board and its teachers. The fact that Rule 106(a)(2) also seems to provide relief does not destroy the contract action which is available.

In addition, relief in the nature of mandamus is to be employed only when no other adequate remedy is available. *Potter v. Anderson*, 155 Colo. 25, 392 P.2d 650 (1964). A suit for breach of contract by a teacher against the school board has been held to be an adequate remedy. *Sorensen v. Echternacht*, 74 Colo. 91, 218 P. 1046 (1923).

Even assuming, however, that an action in the nature of mandamus under C.R.C.P. 106(a)(2) is the exclusive remedy available, the issue of the applicability of the time limit in C.R.C.P. 106(b) remains.

C.R.C.P. 106(b) provides that where no specific time limit is prescribed by statute, a petition for review by "certiorari or other writ" must be filed within 30 days from the date of final action taken by the tribunal.

The school district argues that the instant action falls within that rule. We disagree.

In our view, the restriction set down in Rule 106(b) deals only with certiorari or other writs taken from quasi-judicial proceedings. As we noted ii *Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371, 376 (1975):

"Where the concerned parties have notice of a public hearing in which they may participate, it is not unfair to require that they litigate their challenge, be it constitutional or statutory, within the time limits established in Rule 106(b)."

The rationale behind Rule 106(b) as explained in *Snyder* requires that the challenging party have had notice and an opportunity to be heard in a proceeding, subject to certiorari review, which is judicial or quasi-judicial in character. The unilateral action taken by the school board in the instant case clearly falls outside the scope of Rule 106(b) and the guidelines set out in *Snyder*. The teachers were not notified of the impending action of the board nor were they offered an opportunity to present their views at a hearing. The school board's decision was clearly not the product of a quasi-judicial proceeding subject to certiorari review.

## II.

The school district also argues that the summary judgment should be upheld because the plaintiffs failed to comply with the 90-day notice requirement of the colorado Governmental Immunity Act, section 24-10-101 *et seq.*, C.R.S. 1973. The Governmental Immunity Act applied to all actions which "lie in or could lie in tort." Section 24-10-105, C.R.S. 1973.

In support of the view that this action "could lie in tort," the school district cites *Newt Olson Lumber Co. v. School Dist. No. 8*, 83 Colo. 272, 263 P. 723 (1948) in which a school district breached a statutory duty to require a construction performance bond from a general contractor. The court there held that such a breach was a "tort." *Newt Olson,* however, only stands for the proposition that the breach of a noncontractual statutory duty is tortious in character. Here, as the trial court correctly held, the plaintiffs' claim rests on a contract theory. The Governmental Immunity Act is clearly not meant to apply to situations such as the instant one where the action concerns the breach of a contractual statutory duty.

The judgment of the court of appeals is affirmed and the cause is remanded to the district court for a trial on the merits.

MR. JUSTICE GROVES does not participate.