Kristine E. **AXTELL**, Plaintiff–Appellant,

v.

**PARK SCHOOL DISTRICT R–3**, Defendant–Appellee.

No. 97CA0286.

Colorado Court of Appeals,
Division I.

Feb. 5, 1998.

Rehearing Denied March 5, 1998.

Certiorari Denied Aug. 31, 1998.

Opinion by Judge PLANK.

In this employment contract action, plaintiff, Kristine E. Axtell, appeals from the summary judgment entered in favor of defendant, Park School District R–3 (School District), and from the district court's award of attorney fees to the School District. We affirm, except that we dismiss the appeal as to the award of attorney fees.

Plaintiff was a probationary teacher employed with the School District pursuant to a one-year contract for the 1993–1994 school year, as provided for in the Teacher Employment, Compensation, and Dismissal Act (TECDA), § 22–63–203, C.R.S.1997. At the end of her contract, the School District, acting pursuant to § 22–53–203(4), C.R.S.1997, declined to renew her contract for the 1994–1995 school year.

Plaintiff filed a complaint against the School District alleging it improperly evaluated her and failed to provide her with remediation in violation of § 22–9–101, et seq., C.R.S.1997 the Certificated Personnel Performance Act (Evaluation Act), and that the improper evaluation procedure and lack of remediation breached her employment contract. Plaintiff also claimed that the School District failed to follow its own policies on evaluation and remediation and that this failure also was a breach of her employment contract.

Plaintiff does not claim that the School District improperly failed to renew her contract or otherwise violated TECDA.

The district court dismissed plaintiff's claims for relief pursuant to the Evaluation Act, finding that it did not provide a private right of action for plaintiff. The district court granted the School District's motion for summary judgment on plaintiff's contract claims.

Colorado Education Association, Sharyn E. Dreyer, Martha R. Houser, Gregory J. Lawler, Cathy L. Cooper, Bradley C. Bartels, Denver, for Plaintiff–Appellant.

Balaban & Levinson, P.C., Kenneth L. Levinson, Denver, for Defendant–Appellee.

I.

■ Plaintiff contends that the district court erred in finding that the Evaluation Act does not create a private right of action. We disagree.

■ Whether a statute creates a private right of action is a question of law. We will

not infer a private right of action based on an alleged violation of a statute unless there is a clear intent by the General Assembly to create such a cause of action. Moreover, when the General Assembly enacts remedies other than private damages to redress a statutory violation, a private cause of action is precluded. *Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913 (Colo.1997).

The Evaluation Act includes a specific remedy for violations by school districts. Section 22–9–104(2)(e), C.R.S.1997, provides that the state board of education shall "[w]ithhold or suspend the accreditation of any school district and publicize such withholding or suspension of accreditation if it determines that the school district has not complied with the provisions of this article."

Thus, we agree with the district court that the Evaluation Act does not create an independent private right of action.

## II.

■ We reject plaintiff's contention that the Evaluation Act creates a "contract by law."

Plaintiff relies on several cases adopting the proposition that the Teacher Tenure Act, Colo. Sess. Laws 1953, ch. 212 at 559, precursor to TECDA, " 'creates a new liability where none would otherwise exist; it makes a contract for the parties by operation of the law, where otherwise none would exist....' " *Marzec v. Fremont County, School District No. 2,* 142 Colo. 83, 86, 349 P.2d 699, 701 (1960). *See also Julesburg School District No. RE–1 v. Ebke,* 193 Colo. 40, 562 P.2d 419 (1977); *Maxey v. Jefferson County School District No. R–1,* 158 Colo. 583, 408 P.2d 970 (1965).

We find the application of these cases to the Evaluation Act inappropriate. The Teacher Tenure Act was held to be a contract by operation of law because it specifically required school districts to enter into employment contracts with teachers and established many of the terms of those contracts. Nothing in the Evaluation Act requires school districts to alter their contractual duties to teachers. Rather, the requirements for teacher employment con-

tracts are dictated by TECDA, which specifically provides for non-renewal of probationary teachers upon the recommendation of a school district's chief administrative officer, "for any reason he deems sufficient." Section 22–63–203(4)(A), C.R.S. 1997.

## III.

Plaintiff next contends that the district court erred in granting summary judgment on her express and implied contract claims. We reject this contention.

When reviewing a summary judgment, we are required to determine whether there is a clear showing that no issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

### A.

■ First, we reject plaintiff's argument that her employment contract incorporated the Evaluation Act.

The written employment contract provides the following:

> All applicable Board of Education policies, procedures, FORMAL AGREEMENTS BETWEEN THE BOARD AND TEACHERS, and state statutes concerning teacher rights, benefits and obligations are incorporated herein and made part of this contract. (emphasis in original)

Plaintiff first contends that the Evaluation Act is made a part of her contract through this provision because the Act grants her statutory rights. However, as discussed above, the Evaluation Act does not create any rights or benefits to plaintiff. Plaintiff's employment contract is governed by TECDA, not the Evaluation Act, and plaintiff has admitted that the school district did not violate TECDA.

### B.

■ Plaintiff next contends that the School District's evaluation policy creates contractual rights because the School District's policies are incorporated into the contract under the above quoted contract

provision. However, the evaluation policy provides the following:

> Nothing in this policy shall be construed to imply in any manner the establishment of any personal rights not explicitly established by statute or Board policy. Neither shall this policy be deemed or construed to establish any conditions prerequisite to renewal of contracts, transfer, assignment, dismissal or other employment decisions.

As a result, even if this policy is part of plaintiff's contract, it expressly does not grant her any contractual rights.

## C.

For similar reasons, we also reject plaintiff's contention that she had an implied contractual right under the School District's evaluation policy.

■ Termination procedures found in an employee manual or handbook may create an implied contract. However, if there is a clear disclaimer of any contractual rights, no implied contract is created. *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987); *Allabashi v. Lincoln National Sales Corp. of Colorado-Wyoming,* 824 P.2d 1 (Colo.App.1991). Plaintiff has not presented any evidence that suggests the disclaimer in the evaluation policy is not effective.

## IV.

Finally, plaintiff contends that the district court erred in finding her complaint frivolous and groundless and awarding the School District attorney fees pursuant to § 13–17–102(4), C.R.S.1997.

■ We decline to address this contention and dismiss this part of the appeal because the order granting attorney fees does not determine the amount awarded. Thus, that portion of the judgment is not final until the amount of fees is set by the trial court. *Ball Corp. v. Loran,* 42 Colo.App. 501, 596 P.2d 412 (1979).

METZGER, J., concurs.

TAUBMAN, J., concurs in part and dissents in part.

TAUBMAN, Judge, concurring in part and dissenting in part.

I concur with the majority in all respects except as to its determination in Part III A that the employment contract of plaintiff, Kristine E. Axtell, did not, as a matter of law, incorporate any benefits or obligations pursuant to the Certificated Personnel Performance Evaluation Act, § 22–9–101, et seq., C.R.S.1997 (Evaluation Act).

Private parties may incorporate a statutory scheme into a contract provided that such incorporation is not in violation of the constitution or public policy. *See Pierce v. St. Vrain Valley School District RE–1J,* 944 P.2d 646 (Colo.App.1997) (parties cannot by private contract abrogate constitutional or statutory requirements or conditions affecting the public policy of the state).

The Evaluation Act requires that "all certificated personnel" receive a written evaluation report providing a written improvement plan, setting forth what improvements, if any, are needed in the certificated personnel's performance. *See* § 22–9–106, C.R.S. 1997. Certificated personnel include both probationary and non-probationary teachers. *See* § 22–9–103(1.5), C.R.S.1997. Pursuant to the Evaluation Act, a teacher whose performance is deemed unsatisfactory shall receive a remediation plan to correct the deficiencies and shall be given a reasonable time for remediation of such deficiencies. Section 22–9–106(3.5), C.R.S.1997.

Here, the written employment contract provided in pertinent part:

> All applicable Board of Education policies, procedures, FORMAL AGREEMENTS BETWEEN THE BOARD AND TEACHERS, *and state statutes concerning teacher rights, benefits and obligations are incorporated herein* and made part of this contract. (capitalization in original, other emphasis added)

In my view, since the Evaluation Act concerns teacher rights, benefits, and obligations, the plain language of the employment contract incorporated the provisions of that statute. *See Denver Classroom Teachers Ass'n v. School District No. 1,* 911 P.2d 690 (Colo.App.1995) (language of a contract

must be construed in harmony with the plain and generally accepted meaning of words employed).

Even if the majority is correct in its conclusion that Axtell does not have any rights under the Evaluation Act that would be created by a private right of action, it nonetheless remains true that she is provided a benefit, specifically a performance evaluation and remediation plan. Further, the School District is likewise bound by an obligation, specifically, to comply with the evaluation and remediation procedures as set forth in the Evaluation Act. *See Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984) (personnel rule granting informal meeting to public employees whose job performance deemed unsatisfactory included probationary employees and, therefore, failure to grant probationary employee predisciplinary meeting pursuant to rule held to be violation of procedural due process).

I recognize that the Teacher Employment, Compensation, and Dismissal Act (TECDA), § 22–63–203, C.R.S.1997, provides that a probationary teacher does not have any right to renewal of his or her employment contract. Also, although TECDA does entitle a probationary teacher to written notice of the reasons for contract nonrenewal, it does not establish any rights for probationary teachers, either in contract or property. *See* § 22–63–203(4)(b), C.R.S.1997. However, Axtell does not assert here any right to renewal of her contract or any other right under TECDA. Rather, she contends that the School District denied her a proper evaluation and remediation plan pursuant to the Evaluation Act as incorporated into her employment contract.

I express no opinion on the merits of Axtell's breach of contract claim. Further, if Axtell successfully establishes the School District's breach, she would still have to prove damages. *See Department of Health v. Donahue, supra.*

The School District asserts that Axtell failed to prove actual damages and that, therefore, dismissal of her contract claim was appropriate. However, even if Axtell cannot prove actual damages, she may still be entitled to nominal damages. *See Overland De-velopment Co. v. Marston Slopes Development Co.,* 773 P.2d 1112 (Colo.App.1989); *cf. Russell v. First American Mortgage Co.,* 39 Colo.App. 360, 565 P.2d 972 (1977) (recovery precluded where facts establishing damages are uncertain and speculative).

Accordingly, I would reverse the judgment on this claim and remand the cause for further proceedings to determine whether the School District breached the contract. In all other respects, I concur with the majority.