24CA0779 Marriage of Miller 03-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0779
Mesa County District Court No. 22DR30049
Honorable Gretchen B. Larson, Judge

---

In re the Marriage of

Matthew James Miller,

Appellant,

and

Karlene A. Lambuth,

Appellee.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division A
Opinion by JUDGE GRAHAM*
Román, C.J., and Taubman*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

---

Matthew James Miller, Pro Se

Polidori, Franklin, Monahan & Beattie, LLC, Robin Lutz Beattie, Lakewood, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    In this dissolution of marriage case involving an alleged common law marriage between Matthew James Miller and Karlene A. Lambuth, Miller appeals the district court's order adopting a magistrate's order awarding Lambuth $16,747 in attorney fees and costs. We reverse and remand for further proceedings.

## I.    Background

¶ 2    In March 2022, Miller, via an attorney, filed a petition for dissolution of marriage seeking to dissolve a common law marriage between the parties. A hearing to determine the existence of a common law marriage was set before a magistrate for July 2022. However, shortly before that hearing, new counsel substituted in to represent Miller. Then, that same day, Miller's new attorney sought to withdraw. A third attorney, retained by Miller, sought to continue the hearing, and the attorney's request was granted. The second attorney was then allowed to withdraw. The continued hearing was reset for January 2023.

¶ 3    However, soon after the resetting - in October 2022 - Miller's third attorney withdrew, and Miller retained a fourth attorney. Two days before the January 2023 hearing, Miller sought and obtained a second continuance based on a medical issue. Miller's fourth

attorney then withdrew, and the hearing was again reset, this time for July 2023.

¶ 4　　Miller appeared pro se at that July hearing and unsuccessfully moved for a third continuance, citing his lack of counsel and additional alleged medical issues.  Having had his motion to continue denied, Miller failed to present any evidence as to the existence of a common law marriage, and the magistrate entered a directed verdict finding that there was no common law marriage.

¶ 5　　Lambuth then sought an award of her attorney fees and costs under section 13-17-102, C.R.S. 2024.  In August 2023, the magistrate granted Lambuth's request and ordered her to submit an affidavit of attorney fees.  Miller objected to the amount of attorney fees and costs in the resulting affidavit, and in March 2024, the magistrate held a hearing on the reasonableness of the attorney fees and costs.  Following that hearing, the magistrate entered an order awarding Lambuth $16,747 in attorney fees and costs.

¶ 6　　Miller then petitioned the district court for review and that court adopted the magistrate's order.

## II. Review of District Court Orders

¶ 7 Our review of a district court's order adopting a magistrate's decision is effectively a second layer of appellate review. *In re Marriage of Sheehan*, 2022 COA 29, ¶ 22. We must accept the magistrate's factual findings to determine whether they have support in the record. *In re Marriage of Young*, 2021 COA 96, ¶ 8. However, we review de novo questions of law, including questions of statutory interpretation and whether the magistrate applied the correct legal standard. *See Sheehan*, ¶ 22; *Young*, ¶¶ 8-9.

## III. Timeliness of Miller's Challenge to Magistrate's Award of Attorney Fees and Costs

¶ 8 As an initial matter, we address Lambuth's contention that Miller is time barred from challenging the magistrate's August 2023 determination that she was entitled to an award of attorney fees and costs. Specifically, Lambuth argues that, because it was a final order when issued, Miller failed to timely seek district court review of the magistrate's August 2023 ruling that the proceedings were frivolous, groundless, and were otherwise brought in bad faith.

¶ 9 The reviewing district court judge agreed that she lacked jurisdiction to review the magistrate's August 2023 ruling because

3

Miller did not timely seek district court review under the magistrate rules. Accordingly, the reviewing district court judge declined to review Miller's contention that the magistrate failed to apply the legal standard applicable to pro se litigants. We must accept the magistrate's factual findings if supported by the record.

¶ 10    We disagree that Miller was time barred from seeking review of that issue. A party may obtain review of a magistrate's order that was entered without consent by filing a petition for review in the district court no later than fourteen days after a final order is entered, or twenty-one days if the parties are not present when the magistrate rules and the order is mailed to them. C.R.M. 7(a)(5). An extension of these periods may be obtained, but only if requested within the twenty-one-day period. C.R.M. 7(a)(6).

¶ 11    A petition for review to the district court is the exclusive method to obtain review of a magistrate order entered in a proceeding where consent was not necessary. C.R.M. 7(a)(1). If timely review is not sought, the magistrate's order shall become the order of the district court and is not thereafter appealable. C.R.M. 7(a)(11), (12); *see In re Marriage of Stockman*, 251 P.3d 541, 542 (Colo. App. 2010).

¶ 12    Under C.R.M. 7(a)(3) and (5), only a final magistrate order is reviewable.  An order or judgment is generally considered final and reviewable if it ends the particular action, leaving nothing further to be done to completely determine the rights of the parties.  *People in Interest of E.C.*, 259 P.3d 1272, 1276 (Colo. App. 2010); *see also* C.R.M. 7(a)(3) ("A final order or judgment is that which fully resolves an issue or claim.").

¶ 13    It is well-established that an order granting attorney fees is not final and appealable until the amount of fees is determined.  *Williams v. Dep't of Pub. Safety*, 2015 COA 180, ¶ 114; *see also Axtell v. Park Sch. Dist. R-3*, 962 P.2d 319, 322 (Colo. App. 1998) (dismissing the portion of the appeal challenging section 13-17-102 attorney fees "because the order granting attorney fees does not determine the amount awarded"); C.R.M. 7(a)(3).

¶ 14    Here, the award of attorney fees to Lambuth became final for purposes of seeking district court review only after the magistrate determined the reasonable amount of those fees, and the award became appealable to this court once the district court adopted the magistrate's order.  *See* C.R.M. 7(a)(3), (11); *Williams*, ¶ 114.  Miller timely petitioned for district court review of the magistrate's March

2024 order determining the amount of fees and timely appealed the district court's subsequent adoption of that order. Thus, he may now challenge on appeal the magistrate's initial determination that he had maintained a frivolous action under section 13-17-102 because the entitlement to fees was not final until the amount of fees had been decided.

¶ 15　　Lambuth relies on *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072 (Colo. 1988), and *L.H.M. Corp., TCD v. Martinez*, 2021 CO 78, ¶¶ 2, 23, which reaffirmed *Baldwin*, to argue that the magistrate's August 2023 finding that she was entitled to attorney fees was a final order. But in *Baldwin*, the appeal challenged the dismissal of the underlying third-party action, not the section 13-17-102 fee request, which was still pending at the time of the appeal. *Id.* at 1074. Therefore, the "decision on the merits" in *Baldwin*, which was to dismiss the third-party claim, was final and appealable despite the outstanding attorney fees issue. *Id.* Similarly, in *L.H.M.*, the "judgment on the merits" challenged on appeal concerned the defendant's liability under Colorado's consumer protection laws. *See L.H.M.*, ¶¶ 2, 9.

¶ 16    Here, however, the fee award under section 13-17-102 is *the issue* being appealed.  Therefore, the amount of such fees must have been determined before Miller could seek district court review. *See Axtell*, 962 P.2d at 322; C.R.M. 7(a)(3), (5); *cf. Corinthian Hill Metro. Dist. v. Keen*, 812 P.2d 721, 722-23 (Colo. App. 1991) (dismissing an appeal for lack of a final attorney fees order and distinguishing *Baldwin* because the attorney fees in *Baldwin* were "supplemental to the substance of the relief sought" rather than "part of the total relief sought").

¶ 17    Accordingly, we conclude that the district court erred when it refused to consider Miller's appeal of the magistrate's August 2023 determination that Lambuth was entitled to attorney fees under section 13-17-102.  The magistrate's award of attorney fees under that section did not become final until the magistrate determined the reasonable amount of the fees in March 2024.  Consequently, when timely petitioning for review of the March 2024 order, Miller could also seek district court review of the August 2023 determination that Lambuth was entitled to attorney fees.  We therefore reject Lambuth's argument that Miller's appeal to the district court was untimely.

## IV. Award of Section 13-17-102 Attorney Fees against a Pro Se Party

¶ 18    Miller contends that the magistrate improperly awarded Lambuth attorney fees and costs under section 13-17-102 because the magistrate failed to consider the standards applicable to a pro se party.  We agree.

¶ 19    We review an award of attorney fees for an abuse of discretion. *In re Estate of Shimizu*, 2016 COA 163, ¶ 15.  A court abuses its discretion when it misapplies the law or acts in a manifestly arbitrary, unreasonable, or unfair manner.  *Id.*  But we review de novo whether a court properly applied the law.  *See In re Marriage of Gallegos*, 251 P.3d 1086, 1087 (Colo. App. 2010).

¶ 20    A court shall assess reasonable attorney fees against a party if it finds that the party brought an action that lacked substantial justification, meaning that it was substantially frivolous, substantially groundless, or substantially vexatious. § 13-17-102(4); *see also Shimizu*, ¶ 26 (recognizing that a vexatious claim is one brought or maintained in bad faith to annoy or harass another, including conduct that is arbitrary, abusive, stubbornly litigious, aimed at unwarranted delay, or disrespectful of the truth);

8

*Remote Switch Sys., Inc. v. Delangis*, 126 P.3d 269, 275 (Colo. App. 2005) (explaining that a claim is frivolous if the proponent can present no rational argument based on the evidence or law to support it).

¶ 21　However, when a party is not represented by an attorney, the court must also find that "the party clearly knew or reasonably should have known" that the action "was substantially frivolous, substantially groundless, or substantially vexatious" before it may assess attorney fees against that pro se party. § 13-17-102(6). Absent this finding, an order "awarding attorney fees cannot stand." *Artes-Roy v. Lyman*, 833 P.2d 62, 63 (Colo. App. 1992).

¶ 22　Here, the magistrate awarded Lambuth attorney fees "for the reasons stated in [Lambuth's] motion," and without further explanation, found Miller's "litigation to have been brought in bad faith, [and] to [be] groundless and frivolous." But nowhere in her motion did Lambuth reference section 13-17-102(6) or assert that Miller, who was representing himself at the July 2023 hearing, clearly knew or reasonably should have known that his actions lacked substantial justification. *See* § 13-17-102(6).

¶ 23 Lambuth argues that the award of attorney fees was nevertheless proper because the allegations in her motion and the record support a finding that Miller's ongoing prosecution of a common law marriage claim was frivolous, groundless, and otherwise in bad faith. Yet, even if supported by the record, such a finding does not reflect the additional requirement for an attorney fee award against a pro se party under section 13-17-102(6).

¶ 24 Because the magistrate did not make any findings under section 13-17-102(6), we must reverse the award of $16,747 of attorney fees and costs to Lambuth, and we remand this issue to the district court to reconsider Lambuth's request for attorney fees and apply the requirements of that section. *See Artes-Roy*, 833 P.2d at 63; *see also In re Marriage of Aldrich*, 945 P.2d 1370, 1379 (Colo. 1997).

¶ 25 On remand, if the court decides again to award attorney fees, it must also consider and make findings on the relevant factors under section 13-17-103(1), C.R.S. 2024, and explain how it arrived at the amount of its award. *Aldrich*, 945 P.2d at 1378-79. The district should make findings of fact sufficiently explicit to give us a

clear understanding of the basis of its fee decision. *In re Marriage of Rozzi*, 190 P.3d 815, 822 (Colo. App. 2008).

¶ 26 Finally, because the issue may arise on remand, we consider and reject Miller's contention that any fee award must be entered jointly and severally against Miller and his former counsel. Section 13-17-102(3) provides that a court awarding fees "shall allocate the payment of the fees among the offending attorneys, licensed legal paraprofessionals, and parties, jointly or severally, *as the court deems most just.*" (Emphasis added.) Accordingly, the district court is vested with substantial discretion in determining to what extent, if any, Miller's former attorneys should be jointly and severally liable for an award of attorney fees. *See Parker v. Davis*, 888 P.2d 324, 326 (Colo. App. 1994) (recognizing that a district court has discretion to determine under section 13-17-102(3) to what extent the attorneys and parties should both be held responsible for an award of fees). We conclude that the court acted within its discretion in not apportioning any attorney fees to any of Miller's former lawyers.

## V.    Disposition

¶ 27    We reverse the order awarding Lambuth $16,747 in attorney fees and costs and remand the matter to the district court for reconsideration consistent with this opinion.

CHIEF JUDGE ROMÁN and JUDGE TAUBMAN concur.