493 P.2d 22 (1972)
Ann E. TYLER, Plaintiff-Appellant,
v.
SCHOOL DISTRICT NO. I, CITY AND COUNTY OF DENVER and State of Colorado, Defendant-Appellee.
No. 25243.
Supreme Court of Colorado, En Banc.
January 31, 1972.
John W. Lentz, Samuel A. Anderson, Littleton, for plaintiff-appellant.
Henry, Cockrell, Quinn & Creighton, Richard C. Cockrell, Michael H. Jackson, Peter J. Wiebe, Jr., Denver, for defendant-appellee.
DAY, Justice.
This appeal is from a judgment of the Denver district court dismissing a claim of plaintiff Ann E. Tyler to tenure as a teacher in the Denver School District. She had sought such classification by the Denver School Board by written demand in November *23 of 1967. When her request was denied she filed suit for loss of salary and to compel the school district to grant her tenure and full employment at the rate provided for teachers of her educational attainments.
She grounded her claim on the passage of a new Teacher Employment, Dismissal, and Tenure Act, effective July 1, 1967, 1967 Perm.Supp., C.R.S.1963, 123-18-1 et seq. She claims the statute entitled her to tenure by reason of her services during the three academic years prior to the effective date of the 1967 Act. Prior to the 1967 Act, the law provided expressly that a substitute teacher could not obtain tenure. C.R.S. 1963, 123-18-1 et seq.
Undisputed stipulated facts show that in 1964-1965 plaintiff served 147½ days in 33 schools; that in 1965-1966 she served 121 days in 36 schools; and that in 1966-1967 she served 118 days in 59 schools. The court dismissed the suit on the ground that the Act was not retrospective in its operation and that any attempt to construe it as to give plaintiff new rights and impose obligations on the district which her past employment would not warrant under the repealed law would be unconstitutional. We affirm the trial court judgment, but on different grounds.
We need not reach the constitutional argument in this case. When it is not necessary for the decision to test the constitutional questions raised, we do not so do. Laizure v. Baker, 91 Colo. 292, 14 P. 2d 486 (1932); Platte Land Co. v. Hubbard, 30 Colo. 40, 69 P. 514 (1902).
The stipulated facts in this case are that plaintiff was a substitute teacher during the three years prior to the enactment of the 1967 statute. Regardless of whether we consider the Act which was repealed and under which she performed her three years of service or the 1967 Act, tenure under either required her to serve continuously and without interruption for three full years. "This act is in derogation of the common law * * * Such legislation must be strictly construed in favor of those upon whom the liability is imposed." Marzec v. Fremont County, etc., 142 Colo. 83, 349 P.2d 699 (1960). Even the most liberal construction would not provide the continuity or the three full years employment as required.
The judgment is affirmed.