## No. 27860

**James R. Benson, Jr. v. Harold L. McCormick, in his capacity as State Senator in the 51st General Assembly of the State of Colorado**

(578 P.2d 651)

Decided May 15, 1978.

James R. Benson, Jr., pro se.

David J. Hahn, Special Counsel for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The appellant, James R. Benson, Jr., commenced this action for injunctive relief against the appellee, Senator Harold L. McCormick. Benson alleged that McCormick, as chairman of the Senate Business Affairs and Labor Committee, was not providing "full and timely notice to the public" of the committee's meetings, as required by the Open Meetings Law of the Colorado Sunshine Act of 1972. Section 24-6-401, *et seq.,* C.R.S. 1973. The trial court held that the Open Meetings Law did not conflict with the provisions of our constitution, found that "full and timely notice to the public" had been given, and dismissed the complaint. We affirm.

We do not reach the constitutional issue in this case. Our disposition of the issues in this case does not require that the constitutionality of a statute be determined because that issue is not essential to a proper determination of this case. *Weissman v. Board of Education of Jefferson County School District No. R-1,* 190 Colo. 414, 547 P.2d 1267 (1976); *Tyler v. School District No. 1,* 177 Colo. 188, 493 P.2d 22 (1972); *Times-Call Publishing Co. v. Wingfield,* 159 Colo. 172, 410 P.2d 511 (1966).

The appellee, in his capacity as committee chairman, directed the Secretary of the Senate to publish a list of all Bills capable of being considered on a particular day by his committee in the Senate calendar. A copy of the Senate calendar was subsequently posted outside the Senate Chambers, and four other copies were delivered to members of the press in the Capitol pressroom.

The thrust of the appellant's appeal is not that the notice provided by the appellee in the Senate calendar was not "timely," but that it failed to provide the "full" notice contemplated by Colorado's Open Meetings Law. The appellant contends that notice under the statute must include an agenda limited to those Bills which may reasonably be reached at a given meeting. We disagree.

■ Colorado's Open Meetings Law, section 24-6-401, *et seq.,* C.R.S. 1973, was clearly intended to afford the public access to a broad range of meetings at which public business is considered:

"*24-6-401. Declaration of policy.* It is declared to be the policy of this state that the formation of public policy is public business and may not be conducted in secret.

"*24-6-402. Meetings — open to public.* (1) All meetings of two or more members of any board, committee, commission, or other policy-making or rule-making body of any state agency or authority or *of the legislature* at which any public business is discussed or at which any formal action is taken by such board, committee, commission, or other policy-making or rule-making body are declared to be public meetings open to the public at all times, except as may be otherwise provided in the constitution.

"(2) Any meetings at which the discussion or adoption of any proposed resolution, rule, regulation, or formal action occurs or at which a majority or quorum of the body is in attendance shall be held only after *full and timely notice to the public.*" (Emphasis added.)

■ Our Open Meetings Law, enacted by initiative in 1972, reflects the considered judgment of the Colorado electorate that democratic government best serves the commonwealth if its decisional processes are open to public scrutiny. Absent adequate and fair notice, however, the salutary purposes of the Open Meetings Law could easily be defeated. The statute, therefore, requires that "full and timely notice" be given of meetings at which public business will be considered.

■ This case presents a question of first impression to this court regarding the meaning of "full and timely notice." The Open Meetings Law itself neither establishes the manner in which notice must be given nor defines the content of the required notice. In view of the numerous meetings to which the statutory requirement is applicable, we hold that the "full and timely notice" requirement establishes a flexible standard aimed at providing fair notice to the public. "Full and timely notice" for legislative committee meetings, which may be held almost daily, differs from "full and timely notice" for a monthly meeting of a public board. Consequently, whether the statutory notice requirement has been satisfied in a given case will depend upon the particular type of meeting involved. The sole issue for determination in this case is whether the appellee has provided "full and timely notice" of the legislative committee meetings, as required by

the Open Meetings Law.

An examination of the record causes us to conclude that the trial court properly determined that "full and timely notice" had been given. Legislative committee chairmen, as a practical matter, are rarely able to predict with certainty which matters will be considered at a particular meeting. The absence of a Bill's sponsor or of an expert witness may require that consideration of a given Bill be postponed to a later date. Similarly, unforeseeable developments may cause a Bill, not expected to be considered, to be discussed out of order. The unique nature and pressures of legislative committee meetings, whose members often serve on more than one committee, are such that a precise agenda requirement would unduly interfere with the legislative process. The Open Meetings Law, however, was not intended to interfere with the ability of public officials to perform their duties in a reasonable manner.

The remaining allegations of error do not require discussion.

Accordingly, the judgment is affirmed.

MR. JUSTICE CARRIGAN dissents.

MR. JUSTICE CARRIGAN dissenting:

I respectfully dissent.

The Open Meetings Law was adopted directly by a vote of the people through an initiative they approved at the 1972 general election. It seeks to assure the public a *meaningful* opportunity to participate in governmental processes by enabling interested citizens to observe the conduct of their representatives in transacting public business. The underlying purpose is to assure the people a practical means of exercising their "right to know" through guaranteeing public notice of and access to meetings where public business is conducted.

The majority opinion expressly recognizes that salutary purpose by declaring:

"Our Open Meetings Law, enacted by initiative in 1972, reflects the considered judgment of the Colorado electorate that democratic government best serves the commonwealth if its decisional processes are open to public scrutiny. *Absent adequate and fair notice, however, the salutary purposes of the Open Meetings Law could easily be defeated.*" 195 Colo. at 383, 578 P.2d at 653 (slip opinion p.3). (Emphasis added.)

Having thus approved the law's notice requirements in theory, the majority opinion proceeds to countenance their blatant evasion in practice.

Obviously, if a concerned citizen cannot readily determine when a particular bill probably will be considered by a legislative committee, his or her right to be present and observe that committee's proceedings is a hollow right indeed. Few can afford the time and expense required to

attend all the meetings of a legislative committee to be sure of not missing the meeting at which legislation of interest to them will be discussed. In spite of its lip service to the Open Meetings Law's "salutary purposes," the majority opinion condones a procedure that effectively eviscerates the statute's notice requirements as applied to legislative committees.

The appellee committee chairman followed the practice, as indicated by the record, of publishing a list of all bills "capable of being considered" by his committee. In effect all bills pending before the committee were listed in the "notice" of every committee meeting. Although the published notices generally contained many more bills than possibly could have been considered by the committee on a given day, they gave no indication of the date or time that any particular bill might actually be called by the chairman for consideration by the committee. The notice published March 14, 1977, for example, listed forty-two bills, yet contained no hint as to which bills a reader of the notice might expect the committee to consider at its next meeting. To hold, as the majority holds today, that publication of such a notice is "full and timely" is to emasculate the notice requirements of the Open Meetings Law.

The majority's rationalization of this result, by recitation of overriding "practical matters," is singularly unpersuasive and flatly unsupported by the facts here presented. Undisputed testimony indicated that virtually every other committee chairman, in both houses, publishes a list containing only the bills that the chairman anticipates his committee can reasonably expect to consider at its next meeting. Normally each such notice includes only five or six bills.

This normal notice procedure, while not always providing exact and unchanging notice of the date each bill is considered, represents an attempt by most committee chairmen carefully to balance the purposes of the Open Meetings Law against the "practical matters" deemed overriding by the majority opinion. Moreover, the fact that such a practice is so widely used is solid evidence of the fact that the majority's fears of undue interference with the legislative process are groundless. There is no evidence to support the argumentative conclusion in the majority opinion that such a procedure "interfere[s] with the ability of public officials to perform their duties in a reasonable manner." 195 Colo. at 384, 578 P.2d at 653 (slip opinion, p. 5). In fact the undisputed testimony of a state senator is to the contrary.

In sum, I would concede the majority's point that legislative committee chairmen, as a practical matter, are rarely able to predict *with certainty* which matters will be considered at a particular meeting. That does not mean, however, that *any* attempt to give the public *reasonable notice* of the committee's forthcoming actions would necessarily hamstring the legislative process. A more just result, which would give effect to the notice requirements of the Open Meetings Law, would be to balance

the competing interests involved here and determine what level of compliance with the statute would give weight to *both* "practical matters" *and* the need for fair notice to the public. Instead, by refusing to require any meaningful compliance with the Open Meetings Law, the majority opinion condones the appellees' transparent evasion of the people's will as expressed in that initiated measure. The public right to know is indispensable to conducting representative government in our republic. It should not be sacrificed merely to avoid slight inconvenience to a public official.