Michael PORTZ, Petitioner–Appellant,

v.

**BOARD OF EDUCATION OF PUEBLO COUNTY SCHOOL DISTRICT NO. 60, Respondent–Appellee.**

No. 93CA1547.

Colorado Court of Appeals, Div. I.

Oct. 6, 1994.

Rehearing Denied Nov. 3, 1994.

Petition for Certiorari Dismissed April 17, 1995.

CO Educ. Ass'n, Martha R. Houser, Gregory J. Lawler, Sharyn E. Dreyer, Cathy L. Cooper, Bradley C. Bartels, Aurora, for petitioner-appellant.

Caplan & Earnest, Allen P. Taggart, Sarah E. Meshak, Boulder, for respondent-appellee.

Opinion by Chief Judge STERNBERG.

In this mandamus action, Michael Portz appeals the trial court judgment entered for the Board of Education of Pueblo County School District No. 60. Portz had sought reinstatement to his position as a teacher or, in the alternative, a due process hearing prior to non-renewal of his teaching contract by the District. We reverse and remand with directions.

It is undisputed that Portz received successive contracts to teach full time in the District for the 1989–90, 1990–91, and 1991–92 school years and that he taught full time and continuously during each of those periods. The parties disagree, however, on the statutory effect of the days Portz worked in the District during the 1988–89 school year. The determinative issue, therefore, is whether Portz's teaching in 1988–89 constituted the "first full academic year" of employment for tenure acquisition purposes as provided in the 1967 Teacher Employment Dismissal and Tenure Act, § 22–63–101, et seq., C.R.S. (1988 Repl.Vol. 9) (the 1967 Act).

On November 30, 1988, Portz began work as a substitute teacher in the District and taught continuously for a period of 33 school days, being assigned to several different schools within the District. On February 3, 1989, Portz accepted a contract with the District assigning him to South Park Elementary for the remainder of the 1988–89 school year. Under that contract, Portz taught for an uninterrupted period of 82 school days. Except for one day when school was not in session because of inclement weather and two days that were four-hour days, Portz was employed by the district full time and continuously during the last 112 days of the 1988–89 school year. Thereafter, Portz taught continuously and without interruption, under contract with the District, during the 1989–90, 1990–91, and the 1991–92 school years.

On May 4, 1992, the District notified Portz that his employment would not be renewed for the 1992–93 school year. Portz then filed a grievance with the Pueblo Education Association claiming that non-renewal was improper because he was not a probationary employee at the time of non-renewal. When the District refused to accept his grievance, Portz brought this mandamus action.

The trial court ruled that Portz was not entitled to reinstatement as a tenured teacher because he was a probationary employee when the District notified him of non-renewal. The court based its decision on a factual finding that during the 1988–89 school year Portz had worked 33 days as a substitute teacher and 82 days under contract.

The court held that, under the express language of § 22–63–112(1), C.R.S. (1988 Repl.Vol. 9), the 33 days Portz worked as a substitute teacher in 1988–89 could not be counted toward fulfilling the requirements for acquisition of tenure. Specifically, the trial court concluded that, after eliminating the days worked as a substitute, the 82 days Portz worked under contract were insufficient to meet the statutory requirement of "continuous and uninterrupted employment for the last 90 school days of the academic year" to receive credit of a full year's employment for the 1988–89 school year.

Thus, the court ruled that, because Portz could not receive any credit toward tenure for the 1988–89 school year, he was not a tenured teacher entitled to the due process protections of the Act. This appeal followed.

■ Portz contends that the trial court erred in holding, under the 1967 Act, that the 112 continuous days that he worked at the end of the 1988–89 school year could not be deemed a full year's employment as defined by the Act. We agree.

■ Contrary to the trial court's view, whether Portz was a "substitute teacher" during the 1988–89 school year under § 22–63–102(8), C.R.S. (1988 Repl.Vol. 9) is not determinative and does not preclude counting his days of employment as a substitute toward the acquisition of tenure as provided in § 22–63–112(1), C.R.S. (1988 Repl.Vol. 9).

The trial court ruled, and the parties do not disagree on appeal, that the 1967 Act applies to this case. For that reason we treat that act as controlling.

In § 22–63–112(1), the 1967 Act provides the requirements for the acquisition of tenure, in pertinent part, as follows:

> Except as otherwise provided in subsection (2) of this section, *any teacher employed as a teacher in the same school district ... continuously and without interruption for three full academic years who is thereafter reemployed for the fourth academic year immediately succeeding in such school district has tenure* as a teacher in such school district, without further action on the part of the board or the teacher, during efficiency and good behavior and continuous employment.... *The provisions of this subsection (1) notwithstanding, a teacher employed after the first day of the academic year shall be deemed to have served the first full academic year if the period of continuous and uninterrupted employment during that year includes the last 90 school days of the academic year.* Such tenure shall be effective upon the first day of performance of services by said teacher of the fourth academic year. Sections 22–63–112 to 22–63–117 shall not apply to a ... substitute teacher ... *In no event shall tenure be withheld if the teacher meets the requirements set forth in this subsection (1).*

Under § 22–63–112(1), a teacher automatically acquires tenure upon performance of the first day of services by that teacher in the fourth academic year. The teacher must first work continuously and without interruption during three consecutive full academic years immediately prior to being renewed for the fourth year. Under the statute, however, a teacher need not work continuously and without interruption for the entire first academic year in order for the days of employment to accrue toward the required service period for tenure acquisition.

The statute specifically provides that, under particular circumstances, a *partial* year of employment and service in a district will be deemed to be the first full academic year. Under this provision, *any* teacher who was employed after the first day of the academic year and whose "continuous and uninterrupted *employment* during that year includes the last 90 school days of the academic year," is entitled to count that academic year as the first full year of employment for tenure acquisition.

The parties agree that Portz taught an uninterrupted, continuous period of 112 school days which included the last 90 days of the 1988–89 academic year. The District, however, argues that because Portz was assigned to more than one school and the nature of his employment changed during the last 90 days of the 1988–89 school year, he was not employed continuously and without interruption during that period. Portz contends that the explicit language of the 1967 Act requires only that a teacher's *employment* and not his *assignment* be continuous and without interruption in order to count toward tenure. We agree with Portz.

We also disagree with the District's contention that Portz is not entitled to count the 1988–89 academic year toward tenure because Portz worked part of that year as a substitute teacher. We recognize that the above-quoted provision states that §§ 22–63–112 to 22–63–117, C.R.S. (1988 Repl.Vol. 9) do not apply to a substitute teacher. However, § 22–63–112(1) is ultimately qualified by its last sentence: "*In no event* shall tenure be withheld if the teacher meets the requirements set forth in this subsection (1)." (emphasis added) The sentence containing this phrase immediately follows the limitation on applicability of the section which excludes

"substitute teachers"; therefore, we conclude that the intent of the language is to entitle any teacher who fulfills the requirements of § 22–63–112(1) to the protections of tenured status. We find the "in no event" language to be controlling, but expressly limit its effect to § 22–63–112(1) only.

Here, Portz fulfilled the statutory requirements for tenured status through continuous and uninterrupted employment with the District during the 1989–90, 1990–91, and 1991–92 school years after he had worked a period of 112 days which included the last 90 school days of the 1988–89 academic year. Under these circumstances, Portz acquired tenured status under the 1967 Act during the 1991–92 school year prior to the 1992 nonrenewal of his contract by the District, and therefore, he was entitled to the statute's due process protections and could not be terminated except pursuant to its provisions.

No Colorado appellate court has directly addressed whether employment as a substitute teacher during the last 90 days of a school year is deemed to be a full year's employment for tenure acquisition purposes under the 1967 Act. Furthermore, the Colorado cases which address related issues are not dispositive here.

Neither *Marzec v. Fremont County School District No. 2*, 142 Colo. 83, 349 P.2d 699 (1960), nor *Tyler v. School District No. 1*, 177 Colo. 188, 493 P.2d 22 (1972), relied upon by the District, requires a different result. *Marzec* was decided under a statutory scheme preceding the 1967 Act which did not contain the provision that continuous teaching during the last 90 days of the school year would be deemed to be employment for a full academic year. The *Tyler* opinion did not address whether the teacher had worked continuously and without interruption during the last 90 days of any of the three academic years and the teaching contract involved was not renewed for the fourth year.

The judgment of the trial court is reversed, and the cause is remanded to it for entry of an order consistent with the views expressed in this opinion.

KAPELKE, J., concurs.

CRISWELL, J., specially concurs.

Judge CRISWELL, specially concurring.

I agree with the majority that Portz was a tenured teacher. However, I reach this conclusion for a slightly different reason than that adopted by the majority.

As the majority notes, § 22–63–112(1) contains a caveat that § 22–63–112 "shall not apply to a ... substitute teacher." It then says that "in no event" shall tenure be denied to a teacher who complies with the employment requirements of § 22–63–112(1). The majority interprets this latter phrase as creating an exception to the general caveat that § 22–63–112 is not to be applied to a substitute teacher. And, they may well be right.

However, I am convinced that, even if the majority's interpretation of § 22–63–112(1) is faulty in this respect, the provisions of that statute would still apply to Portz because he was not a "substitute teacher" under the statutory definition of that term during the 1988–1989 school year.

As I read § 22–63–102(8), which defines the term "substitute teacher," such a teacher is one who teaches less than 90 days on a single assignment or less than 110 days on two or more assignments during any school year. Portz taught more than 110 days during the 1988–89 school year; he was not, therefore, a substitute teacher during that year, and the caveat to § 22–63–112(1) is not applicable to him.

Hence, because Portz taught during the last 90 days of the school year, and he was not a substitute teacher during that year, he must be considered as having taught a full academic year for purposes of tenure acquisition. This being so, he could not be terminated except pursuant to the procedures established for the termination of a tenured teacher.