**Marvin LEWIS, Plaintiff–Appellant,**

v.

**TOWN OF NEDERLAND, Colorado, a Colorado municipal corporation, and John Tucker, Silvia Iorio, and Rich Tillotson, in their capacities as Trustees of the Town of Nederland, Colorado, Defendants–Appellees.**

**No. 95CA0960.**

Colorado Court of Appeals,
Div. I.

Aug. 8, 1996.

Rehearing Denied Sept. 12, 1996.

Certiorari Denied March 17, 1997.

Windholz & Associates, James A. Windholz, Davis S. Williamson, William P. Hayashi, Boulder, for Plaintiff–Appellant.

Hayes, Phillips, Maloney & Haddock, P.C., Kathleen E. Haddock, Corey Y. Hoffmann, Denver, for Defendants–Appellees.

Opinion by Judge METZGER.

Plaintiff, Marvin Lewis, appeals the trial court's dismissal of his action seeking injunctive relief pursuant to § 24–6–402(9), C.R.S. (1995 Cum.Supp.) and *quo warranto* relief pursuant to C.R.C.P. 106(a)(3), against defendants, the Town of Nederland, and John Tucker, Sylvia Iorio, and Rich Tillotson, in their capacities as the Board of Trustees of the Town of Nederland (the Board). We affirm.

Nederland is a statutory town organized pursuant to § 31–4–301, et seq., C.R.S. (1986 Repl.Vol. 12B). Its governing body consists of six trustees and a mayor.

On February 27, 1995, at approximately 6:00 p.m., members of the Board received a letter from a town trustee, David Shortridge, which provided:

I will be vacationing, the majority of the time out of the country, from today February 27,, 1995 to April 11, 1995 or thereabouts. *I will not be available, at anytime, during that period to conduct town business.* (emphasis added)

This was the Board's first notice that Shortridge would be unavailable for town business for almost six weeks.

The position of mayor was vacant, as were two of the trustee positions. Thus, believing that this would leave an insufficient number of trustees to constitute a quorum and, hence, to conduct municipal business, the Board called an emergency meeting under Nederland Ordinance 377 § 1.3 that evening to consider the appropriate action to take. The Board also consulted with the town attorney.

Although Shortridge had boycotted Board meetings previously in order to prevent, for lack of a quorum, discussion and/or appointment of a mayor or trustees, the Board sought to encourage his participation in the emergency meeting. Accordingly, the Board members proceeded to a local restaurant and bar owned by plaintiff at approximately 10:00 p.m. Shortridge and plaintiff were inside the establishment, watching television and talking.

The Board members converged around Shortridge's table and the trustee acting as

mayor *pro tem* then called the emergency meeting to order. Shortridge then announced that he would not be a party to the gathering and walked a short distance away to stand at the bar. A motion to appoint Scott Bruntjen to one of the vacant trustee positions was made, seconded, and passed without discussion. According to the minutes, the entire meeting lasted six minutes.

By 9:00 a.m. the following morning, the notices of the regularly scheduled Board of Trustees meeting for that night were amended to add consideration of ratification of the action taken at the emergency meeting. That same day, plaintiff filed this action seeking injunctive relief and asking for determinations that the February 27 emergency meeting did not comply with the requirements of the Open Meetings Law and that the actions taken at that meeting were invalid.

On February 28, the Board of Trustees meeting was held as scheduled. The basis for and results of the February 27 emergency meeting were explained to the public, as were the applicable portions of Nederland Ordinance 377. After public comment, during which no opposition was expressed, the emergency meeting action appointing Scott Bruntjen as town trustee was ratified.

Following an evidentiary hearing on March 9, the trial court denied plaintiff's request for a preliminary injunction. After receiving briefs on the issues, the court issued a final order, finding that an emergency had existed and ruling that the actions taken complied with the Open Meetings Law. Accordingly, the court dismissed plaintiff's requests for injunctive and *quo warranto* relief.

Plaintiff contends that the trial court erred in refusing to declare that the February 27 emergency meeting violated the Open Meetings Law. The crux of plaintiff's argument is that the Open Meetings Law and Nederland Ordinance 377 § 1.3 are not mutually exclusive. Thus, he contends, to be valid, the emergency meeting of February 27 had to comply with both the conditions of the Open Meetings Law and the local ordinance. He argues that the trial court erred in ruling that compliance with the latter was sufficient. We find no error.

■ The Open Meetings Law, which is applicable to cities and towns, "reflects the considered judgment of the Colorado electorate that democratic government best serves the commonwealth if its decisional processes are open to public scrutiny." *Benson v. McCormick,* 195 Colo. 381, 383, 578 P.2d 651, 653 (1978); *see* § 24–6–401, C.R.S. (1995 Cum.Supp.).

The statute provides that public meetings, defined as meetings of either a quorum or of three or more members of any local public body where public business is discussed, shall be "open to the public at all times." *See* § 24–6–402(2)(b), C.R.S. (1995 Cum.Supp.). Furthermore, a public meeting "shall be held only after full and timely notice to the public" and the minutes of any such meeting shall be recorded and available to public inspection. *See* § 24–6–402(2)(c) & (d), C.R.S. (1995 Cum.Supp.).

Nederland Ordinance 377 § 1.3 provides in pertinent part:

> Emergency meetings may be called ... in the event of an emergency that requires the immediate action of the Board of Trustees in order to protect the public health, safety, and welfare of the residents of Nederland.... At such emergency meeting, any action within the police power of the Board that is necessary for the immediate protection of the public health, safety, and welfare may be taken; provided however, any action taken at an emergency meeting shall be effective only until the first to occur of (a) the next regular meeting, or (b) the next special meeting of the Board at which the emergency issue is on the public notice of the meeting. At such subsequent meeting the Board may ratify any emergency action taken. If any emergency action taken is not ratified, then it shall be deemed rescinded.

■ Municipalities possess power to make and publish ordinances for the public good, including those reasonably expected to protect the lives, health, and safety of their citizens. *See* § 31–15–103, C.R.S. (1986 Repl.Vol. 12B). Thus, a municipal ordinance which is rationally related to an area of legitimate local concern will not be disturbed.

*U.S. Disposal Systems, Inc. v. City of North-glenn,* 193 Colo. 277, 567 P.2d 365 (1977).

■ As a general rule, a local ordinance which is in conflict with state law will be declared void. However, contrary provisions in an ordinance and a state statute do not necessarily indicate a true conflict. *See generally Ray v. City & County of Denver,* 109 Colo. 74, 121 P.2d 886 (1942).

■ The test to determine whether a true conflict exists is whether both the ordinance and the state statute contain conditions, express or implied, that are inconsistent and irreconcilable with one another. *C & M Sand & Gravel v. Board of County Commissioners,* 673 P.2d 1013 (Colo.App. 1983). *See also R.E.N. v. City of Colorado Springs,* 823 P.2d 1359 (Colo.1992). If possible, statutes and ordinances should be reconciled and effect must be given to both. *C & M Sand & Gravel v. Board of County Commissioners, supra;* 6 E. McQuillin, *Municipal Corporations* §§ 21.32–21.35 (3d ed.1988 rev. vol.).

The Open Meetings Law, unlike similar statutes in other jurisdictions, is silent with regard to the manner in which its requirements apply in emergency situations. *See generally* Neb.Rev.Stat. § 84–1411(4) (1994); N.J. Stat. Ann. § 10:4–9 (West 1993); Ohio Rev.Code Ann. § 121.22(f) (Anderson 1994); Tex.Code Ann. § 551.045 (West 1994). However, its notice provision has been construed as setting forth a flexible standard which varies depending on the particular type of meeting involved. *Benson v. McCormick, supra.*

■ An "emergency" is defined as "an unforeseen combination of circumstances or the resulting state that calls for immediate action." *See Webster's Third New International Dictionary* 741 (1986); *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995). Thus, an emergency necessarily presents a situation in which public notice, and likewise, a public forum, would be either impractical or impossible. *See generally Sullivan v. Credit River Township,* 299 Minn. 170, 217 N.W.2d 502

(1974); *see also* 4 E. McQuillin, *Municipal Corporations* § 13.07.30 (3rd ed.1992 rev. vol.).

■ We agree with the trial court that the procedures detailed in Nederland Ordinance 377 § 1.3, requiring ratification of action taken at an emergency meeting at either the next regular Board meeting or a special meeting where public notice of the emergency has been given, represent reasonable satisfaction of the "public" conditions of the Open Meetings Law under emergency circumstances. *See Benson v. McCormick, supra.* And, we note that plaintiff has not appealed the trial court's determination that an emergency existed. Accordingly, we find no true conflict between the provisions of the Open Meetings Law and Nederland Ordinance 377 § 1.3, and conclude that the trial court's ruling was correct.

In light of this disposition, it is unnecessary for us to address plaintiff's remaining contention.

The judgment of dismissal is affirmed.

DAVIDSON and TURSI *, JJ., concur.