Edward MINCH, Plaintiff–Appellant,

v.

The TOWN OF MEAD, Defendant–Appellee.

No. 96CA2217.

Colorado Court of Appeals, Div. V.

April 30, 1998.

Campbell Bohn & Leffert, LLC, Richard O. Campbell, James X. Quinn, Denver, for Plaintiff-Appellant.

Samson & Brown, P.C., Richard E. Samson, Kristin Nordeck Brown, Scott J. Smith, Longmont, for Defendant-Appellee.

Opinion by Judge MARQUEZ.

In this action for declaratory judgment and injunctive relief concerning an annexation ordinance, plaintiff, Edward Minch, appeals the judgment dismissing his complaint against defendant, the Town of Mead (Mead).

As the basis for the dismissal, the trial court ruled that the city's ordinance is a legitimate exercise of the initiative powers granted to the People and that it does not conflict with the Municipal Annexation Act, § 31–12–101, et seq., C.R.S.1997. We affirm.

In January 1995, a group of Mead residents submitted an initiative relating to the annexation of property to Mead. The voters approved the initiative later enacted as Ordinance 273, which provides in pertinent part:

> From and after January 23, 1995, no territory shall be annexed to the Town of Mead unless and until such annexation has been submitted to a vote of the Town's registered electors, at a regular or special election, and approved by a majority of the registered electors voting thereon.

> The costs of such election shall be paid to the Town ... by the applicant for annexation. .

> No annexation shall be submitted to a vote unless and until the applicant ... has posted ... a bond or other security sufficient to reimburse the Town for the cost of processing and considering such annexation....

In October 1995, plaintiff submitted a petition for annexation to Mead of a parcel of approximately 40 acres. Following a public hearing on January 8, 1996, the board of trustees found that the requirements of §§ 31–12–104 and 31–12–105, C.R.S.1997, were satisfied. The board adopted Resolution 2–1996, enacted as ordinance 293, approving the annexation. However, in an annexation agreement between plaintiff and Mead entered into the same day, the parties agreed that: "This agreement is expressly conditioned upon the approval of the annexation by a majority vote of the Town's registered electors voting at a regular or special election."

On April 2, 1996, the voters of Mead rejected the proposed annexation. On April 8, 1996, the board of trustees approved and adopted *nunc pro tunc* to January 8, 1996, Resolution 7–1996, enacted as Ordinance 299. This new resolution added the provision of Ordinance 273, requiring voter approval as a condition to annexation and recited that the annexation was not approved by the registered electors of Mead.

Plaintiff filed a complaint seeking a declaratory judgment that Ordinance 273 conflicts with the Municipal Annexation Act, and is therefore invalid. Plaintiff also sought an injunction prohibiting the enforcement of the Mead Land Use Code as amended, as well as requiring Mead to annex his property.

Plaintiff moved for summary judgment. However, the trial court, after hearing, held that the Municipal Annexation Act did not limit annexation elections strictly to those instances provided for in the Act and that Ordinance 273 was a legitimate exercise of the initiative power held by the People. Accordingly, it denied plaintiff's motion and dismissed the complaint.

### I.

▮ Plaintiff contends that Ordinance 273 is inconsistent with the Municipal Annexation Act and is therefore invalid. We disagree.

▮ The interpretation of a statute is a question of law. Hence, we need not defer to the trial court's interpretation and may review the question *de novo*. *Evinger v. Greeley Gas Co.*, 902 P.2d 941 (Colo.App.1995).

▮ When interpreting statutes, we must give full effect to the intent of the General Assembly. To determine the legislative intent, we look first to the words used, and these words and phrases must read in context and accorded their plain and ordinary meaning. *Superior v. Midcities Co.*, 933 P.2d 596 (Colo.1997).

▮ In the absence of express constitutional provisions to the contrary, the General Assembly has unlimited power over annexation of territories by municipalities. *Fort Collins–Loveland Water District v. Fort Collins*, 174 Colo. 79, 482 P.2d 986 (1971). However, the Municipal Annexation Act delegates to the city the power to annex territory. *Board of County Commissioners v. Denver*, 37 Colo.App. 395, 548 P.2d 922 (1976).

▮ A municipality may impose additional terms and conditions for annexation in accordance with §31-12-112, C.R.S.1997. *Superior v. Midcities Co., supra.* A municipality is under no legal obligation to annex contiguous territory. *Colorado Springs v. Kitty Hawk Development Co.*, 154 Colo. 535, 392 P.2d 467 (1964); *see also Board of County Commis-*

*sioners v. Denver*, 193 Colo. 325, 566 P.2d 335 (1977)(a city may determine its annexation policy with respect to each annexation).

Mead is a statutory town organized pursuant to Colorado statutes. Municipalities possess the power to make and publish ordinances not inconsistent with the laws of the state of Colorado which are necessary and proper to provide for the health, safety, prosperity, order, comfort, and convenience of the municipality. Section 31–15–103, C.R.S.1997. The enumeration of powers set forth in the statute is not to be construed to limit the exercise of any other power granted to municipalities by the provisions of any other law of this state. Section 31–15–104, C.R.S.1997.

▮ Thus, a municipal ordinance which is rationally related to an area of legitimate local concern will not be disturbed. While generally a local ordinance which is in conflict with a state is void, contrary provisions in an ordinance and a state statute do not necessarily indicate a conflict. *Lewis v. Nederland*, 934 P.2d 848 (Colo.App. 1996). Rather , a conflict exists when each contains express or implied conditions which are inconsistent and irreconcilable with one another. *C & M Sand & Gravel v. Board of County Commissioners*, 673 P.2d 1013 (Colo. App. 1983). If possible, ordinances and statues must be reconciled and effect should be given to both. *Lewis v. Nederland, supra.*

The Municipal Annexation Act sets forth the procedures for annexation including eligibility, § 31–12–104; limitations, § 31–12–105; petition requirements, § 31–12–107, C.R.S. 1997; provision for hearings, §§ 31–12–108 and 31–12–109, C.R.S.1997; and findings, § 31–12–110, C.R.S.1997. Section 31–12–110 provides that, upon the completion of the hearing, the governing body of the annexing municipality shall set forth its findings and conclusion on certain matters including "whether . . . additional terms and conditions are to be imposed." We find no provision in the statutory scheme prohibiting the course of conduct taken by Mead. Thus, we hold that no conflict exists between the ordinance and the Municipal Annexation Act.

### II.

▮ Plaintiff also contends that the trial court erred in determining that Ordinance

273 is a valid exercise of the People's initiative power. We disagree.

Initially, we note that plaintiff and Mead entered into an agreement expressly conditioning the annexation on the approval of a majority of the Mead electorate.

Further, by express provision in the Colorado Constitution, the People have reserved to themselves the right to legislate. Colo. Const. art. V, § 1, provides in pertinent part:

> The legislative power of the state shall be vested in the general assembly consisting of a senate and house of representatives, both to be elected by the people, but the people reserve to themselves the power to propose laws and amendments to the constitution and to enact or reject the same at the polls independent of the general assembly and also reserve power at their own option to approve or reject at the polls any act or item, section, or part of any act of the general assembly.

> The initiative ... powers reserved to the people by this section are hereby further reserved to the legal voters of every city, town and municipality as to all local, special and municipal legislation of every character in or for their respective municipalities.

The constitutional right of initiative pertains to measure that are legislative in character. *McKee v. Louisville*, 200 Colo. 525, 616 P.2d 969 (1980). Annexation is a legislative function. *Denver v. District Court*, 181 Colo. 386, 509 P2d 1246 (1973).

In *McKee v. Louisville, supra*, the city of Louisville adopted an ordinance approving the annexation of land intended for residential and commercial use. The city refused the electors' request to suspend the ordinance and order a referendum or publish an initiated measure and submit it to a popular election. The supreme court held that the subject matter of the initiative related exclusively to a matter of local interest and concern and that there was no statewide interest in the particular land involved. Furthermore, the initiated measure did not contravene or usurp any interest of the state and was clearly legislative in character. Thus, the court held that the qualified voters had a constitutional right to have the initiated measure submitted to the electorate.

Although addressing a different matter, the supreme court in *Idaho Springs v. Blackwell*, 731 P.2d 1250 (Colo.1987), specifically reaffirmed the holding in *McKee v. Louisville, supra.*

Here, Ordinance 273, also adopted by public initiative, concerned a matter of local interest and does not contravene or usurp any interest of the state. The land sought to be annexed by plaintiff was a parcel of approximately 40 acres located in Weld County. Like the parcel of land in *McKee v. Louisville, supra*, there is nothing in the record to indicate that the parcel here is not exclusively of local interest and concern. Accordingly, the trial court properly concluded that the ordinance is a legitimate exercise of the initiative powers reserved to the People. *See McKee v. Louisville, supra.*

Thus, under the circumstances here, the complaint was properly dismissed.

The judgment is affirmed.

ROTHENBERG and KAPELKE, JJ., concur.