Robert VAN ALSTYNE, Robert Doyle, Raymond Trontell, Anna Tausig, Bill Taylor, Juan Vigil, Ray Vines, John Vellar, Paul Pullaro, Theresa Estrada, Roy Stringfellow, Michael Tihonovich, Joseph Shroyer, and Georgia Gardner, Plaintiffs–Appellants,

v.

HOUSING AUTHORITY OF the CITY OF PUEBLO, COLORADO, Defendant–Appellee.

No. 98CA1009.

Colorado Court of Appeals, Div. II.

July 8, 1999.

Rehearing Denied Aug. 12, 1999.

John L. Maska, Colorado Springs, Colorado, for Plaintiffs–Appellants.

Petersen, Fonda, Farley, Mattoon, Crockenberg & Garcia, P.C., William F. Mattoon, Jill S. Mattoon, Pueblo, Colorado, for Defendant–Appellee.

Opinion by Judge JONES.

Plaintiffs, Robert Van Alstyne, Robert Doyle, Raymond Trontell, Anna Tausig, Bill Taylor, Juan Vigil, Ray Vines, John Vellar, Paul Pullaro, Theresa Estrada, Roy Stingfellow, Michael Tihonovich, Joseph Shroyer, and Georgia Gardner, appeal the summary judgment entered in favor of the defendant, the Housing Authority of the City of Pueblo, Colorado (Housing Authority). We reverse the summary judgment and remand for further proceedings.

In 1995 and 1996, the Housing Authority held meetings to consider the sale of certain real property. As a result of these meetings, the Housing Authority adopted a resolution which proposed to accept an offer on the property. However, the Housing Authority had failed to provide notice to the public as to the time and place of these meetings.

Consequently, plaintiffs, a group of neighbors who live in close proximity to the property, filed a suit against the Housing Authority under the Open Meetings Law, § 24-6-401, et seq., C.R.S.1998, alleging that the Housing Authority had violated the law by not providing notice of its 1995 and 1996 meetings. Plaintiffs requested that the resolution concerning the sale of the property be set aside and declared a nullity, and that the Housing Authority be directed to reconsider the sale of the property after full compliance with law.

As a result of plaintiffs' complaint, the Housing Authority scheduled a public meeting to be held on November 11, 1997, for the

purpose of reconsidering the sale of the property. Prior to this meeting, on November 6, 1997, the Housing Authority published notice of the meeting in a newspaper of general circulation in the City of Pueblo, which provided the date, time, place, and purpose of the meeting, as well as a legal description of the property at issue.

During the meeting, members of the Housing Authority and community members, including at least one plaintiff to this action, discussed the sale of the property. The record suggests that the Housing Authority had been presented with a new offer on the property; however, it chose to consider only the three offers that had been presented in 1996. At the conclusion of the meeting, the Housing Authority passed a resolution accepting the same offer that it had accepted in its 1996 resolution.

A day after the meeting, the Housing Authority filed a motion for summary judgment, asserting that plaintiff's complaint had become moot because any judgment rendered by the court would have no effect upon the controversy in light of the November 11, 1997, meeting, which had been properly publicized.

Shortly thereafter, plaintiffs filed an amended complaint, reasserting their earlier claims and adding the contention that the recent 1997 meeting also did not comply with the Open Meetings Law because the notice to the public was insufficient and, furthermore, that the Housing Authority had not actually reconsidered the sale of the property because it had refused to consider new offers. Plaintiffs requested that the actions taken at, and resulting from, the meetings that were not in compliance with the law be set aside and that the Housing Authority be ordered to reconsider the sale of the property in full compliance with the law. Plaintiffs also requested attorney fees.

In response, the Housing Authority filed an amended motion for summary judgment, again asserting that the plaintiffs' action had become moot; that the actions taken at the November meeting, after notice, were proper; and that the Authority had complied with the law. The trial court agreed and granted summary judgment in favor of the Housing Authority.

This appeal followed.

Plaintiffs assert three contentions in support of their argument that the trial court erred in entering summary judgment in favor of the Housing Authority. We agree, in part, with those contentions.

■ Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Greenwood Trust Co. v. Conley*, 938 P.2d 1141 (Colo.1997).

In determining whether summary judgment is proper, the nonmoving party is entitled to all favorable inferences that may be drawn from the undisputed facts, and all doubts as to whether a triable issue of fact exists must be resolved against the moving party. *AviComm, Inc. v. Colorado Public Utilities Commission*, 955 P.2d 1023 (Colo. 1998).

Our review of a grant of summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

### A.

We agree with plaintiffs' initial contention that the trial court erred in granting summary judgment without concluding that the Housing Authority had violated the Open Meetings Law with respect to the meetings it held in 1995 and 1996.

In its answer, the Housing Authority admitted that it did not provide notice of these meetings in compliance with the Open Meetings Law, and, during oral arguments, its counsel conceded that it did not comply with the law. Accordingly, we conclude as a matter of law that the Housing Authority violated the Open Meetings Law with respect to the meetings it held in 1995 and 1996.

■ The trial court, however, determined in its order dated April 24, 1999, that "the question of failure to give proper notice under the Open Meetings Law ... has, in fact, become moot...." In so finding, the trial

court overlooked the General Assembly's establishment of mandatory consequences for a violation of the statute, provided for in § 24–6–402(9), C.R.S.1998. This section provides that: "In any action in which the court finds a violation of this section, the court shall award the citizen prevailing in such action costs and reasonable attorney fees."

Thus, pursuant to the statute, plaintiffs here are entitled to their costs and attorney fees, as private attorneys general, who, through the exercise of their public spirit and private resources, caused a public body to comply with the Open Meetings Law.

Accordingly, remand is necessary for a determination by the trial court of reasonable costs and attorney fees incurred by plaintiffs in both the trial and appellate phases of this case.

### B.

■ Plaintiffs also contend that the notice provided by the Housing Authority for the 1997 meeting did not comply with the requirements of § 24–6–402(2)(c), C.R.S.1998. We disagree.

The Open Meetings Law provides that public meetings, defined as meetings of either a quorum or of three or more members of any local public body where public business is discussed, shall be "open to the public at all times." Section 24–6–402(2)(b), C.R.S. 1998. Furthermore, a public meeting "shall be held only after full and timely notice to the public" and the minutes of any such meeting shall be recorded and available for public inspection. Section 24–6–402(2)(c) & (d), C.R.S.1998.

With respect to how notice shall be provided, § 24–6–402(2)(c) states:

> In addition to any other means of full and timely notice, a local public body shall be deemed to have given full and timely notice if the notice of the meeting is posted in a designated public place within the boundaries of the local public body no less than twenty-four hours prior to the holding of the meeting.

Plaintiffs argue that the notice given here, publication in a newspaper of general circulation, does not comply with this section because the statute does not expressly state that this method of notice is sufficient.

Contrary to this contention however, the supreme court, after recognizing that the Open Meetings Law does not establish the manner in which notice must be given, has concluded that the "full and timely notice" requirement establishes a flexible standard aimed at providing fair notice to the public. *See Benson v. McCormick,* 195 Colo. 381, 578 P.2d 651 (1978).

In *Benson,* the court held that whether the statutory notice requirement has been satisfied in a given case depends upon the particular type of meeting involved. However, in an earlier case, a division of this court indicated that, at a minimum, the law's notice requirement is satisfied if notice of the meeting is posted within a reasonable time prior to the meeting in an area which is open to public view. *See Hyde v. Banking Board,* 38 Colo.App. 41, 552 P.2d 32 (1976).

Accordingly, applying the rubric of *Benson* and *Hyde,* we conclude that the Housing Authority's publication of the notice of the 1997 meeting in a newspaper of general circulation in Pueblo County, six days before the meeting took place, complied with the notice requirements under § 24–6–402(2)(c).

### C.

Finally, plaintiffs contend that the November 11, 1997, meeting violated the Open Meetings Law because, at the meeting, the Housing Authority refused to consider new offers on the property. We also remand for further proceedings on this issue.

The Open Meetings Law states that: "[I]t is the policy of this state that the formation of public policy is public and may not be conducted in secret." Section 24–6–401, C.R.S.1998. Thus, the intent of the law is to afford the public access to a broad range of meetings at which public business is considered. *See Benson v. McCormick, supra.*

■ Additionally, the statute renders null and void any actions taken at a meeting held not in compliance with its mandates. It states: "No resolution, rule, regulation, ordinance or formal action of a state of local

public body shall be valid unless taken or made at a meeting that meets the requirements of subsection (2) of this section." Section 24–6–402(8), C.R.S.1998. Plainly, any such actions taken at any meeting that is held in contravention of the Open Meetings Law cease to exist or to have any effect, and may not be rekindled by simple reference back to them. *See Hyde v. Banking Board, supra.*

■ The trial court correctly pointed out that: "[T]he Open Meetings Law does not undertake to direct public bodies in the State of Colorado as to how to do their business." Indeed, there is no language in § 24–6–402(2)(c), nor elsewhere in the Open Meetings Law, which may be relied upon to support plaintiffs' contention that the Housing Authority must conduct its business in a specific manner.

However, we conclude that the trial court failed correctly to consider plaintiffs' contention in light of *Bagby v. School District No. 1,* 186 Colo. 428, 528 P.2d 1299 (1974).

In *Bagby,* the supreme court considered the issue of whether conferences held by a school board constituted meetings within the purview of the Open Meetings Law. The record in that case revealed that, at the conferences, of which all board members were given advance notice, and usually attended, board matters were thoroughly discussed, and that many of the matters were acted upon later in the publicly held meetings. However, at the public meetings, the matters were given only cursory treatment, indicating that a debate on the issues had previously taken place.

The school board in *Bagby* argued that the conferences did not constitute meetings within the purview of the Open Meetings Law because no final action was taken at the conferences. The court, however, rejected this argument, noting that since much of the work of the public meeting was already done at the conference, the public was deprived of the discussions, the motivations, the policy arguments, and other considerations which led to the discretion exercised by the Board. The court found that the intent of the Open Meetings Law was not met in cases where

the public witnessed only the final recorded vote.

Specifically, the court stated:

The statutes' prohibition against making final policy decisions or taking formal action in other than a public meeting is not meant to permit 'rubber stamping' previously decided issues. The statutes are remedial, designed *precisely* to prevent the abuse of "secret or 'star chamber' sessions of public bodies." (emphasis in original)

*Bagby v. School District No. 1, supra,* 186 Colo. at 434, 528 P.2d at 1302.

■ In interpreting the statute most favorably to the public, the court concluded that, when a conference, or any other kind of gathering, is preceded by notice, and held with regularity at specific times and places for the purpose of discussing Board business, it is a "meeting" within the meaning of the Open Meetings Law. Thus, *Bagby* mandates that a public body's meeting is not in compliance with the Open Meetings Law if it is held merely to "rubber stamp" previously decided issues.

■ Here, the record suggests that at the 1997 meeting the Housing Authority accepted the same offer from the same purchaser that it had in 1996 and that it refused to consider a new, perhaps higher offer. Indeed, the record reflects that the Housing Authority, by motion, chose to consider only "the three offers on the table on July 30, 1996."

Furthermore, it is not clear from the record or the court's findings and conclusions whether the failure of the Housing Authority to give proper notice of its meetings in 1995 and 1996 had, in part, precluded potential purchasers from submitting offers because there was not proper notice given of that opportunity.

Lastly, if, as was suggested, without objection, at oral arguments, there has been any development or other action taken on or with respect to the subject property since adoption of the 1996 resolution, such facts may indicate partiality on the part of Housing Authority members in favor of the offers submitted when the Housing Authority was in violation of the Open Meetings Law. Such

circumstances seem to implicate § 24–6–402(8), and summary judgment could not be entered if genuine issues exist as to these facts.

And, while these facts, if established, do not per se indicate that the actions taken at the 1997 meeting were a "rubber stamp" of the meetings held in 1995 and 1996, they could support such a conclusion. Summary judgment, again, cannot stand under such circumstances.

Therefore, the summary judgment entered in favor of the Housing Authority is reversed, and the cause is remanded for further proceedings in accordance with the views expressed in this opinion.

Judge PLANK and Judge VOGT concur.