**COSTILLA COUNTY CONSERVANCY DISTRICT and Michael McGowan, Plaintiffs–Appellants,**

v.

**BOARD OF COUNTY COMMISSIONERS, COSTILLA COUNTY, Colorado, Defendant–Appellee.**

No. 01CA1171.

Colorado Court of Appeals, Div. V.

Sept. 12, 2002.

Certiorari Granted Feb. 3, 2003.

Kelly Haglund Garnsey & Kahn LLC, Lori Potter, James W. Hubbell, Denver, CO, for Plaintiffs–Appellants.

Edwin J. Lobato, Alamosa, CO, for Defendant–Appellee.

Faegre & Benson, LLP, Thomas B. Kelley, Steven D. Zansberg, Denver, CO, for Amici Curiae Colorado Press Association and Colorado Freedom of Information Council.

Opinion by Judge ROY.

In this declaratory judgment action, plaintiffs, Costilla County Conservancy District (CCCD) and Michael McGowan (collectively, the district), appeal from the summary judgment in favor of defendant, Board of County Commissioners of Costilla County (Board). We conclude that the Board violated the Colorado Open Meetings Law (the Act), § 24–6–401, et seq., C.R.S.2001, and therefore reverse.

Battle Mountain Resources, Inc. (BMRI) operated a gold mine near the town of San Luis in Costilla County. In 1999, while the mine was undergoing reclamation, the Colorado Department of Public Health and Environment (CDPHE) issued BMRI a notice of violation and cease and desist order for violations of water quality laws. To settle that matter, BMRI agreed, inter alia, to construct a water treatment facility.

On September 20, 1999, two of the three members of the Board attended a meeting apparently organized by CDPHE, to which all three commissioners had been invited. At the meeting CDPHE, the Colorado Department of Natural Resources (CDNR), and BMRI all gave presentations concerning BMRI's operations, legal compliance problems, and corrective action plans at the mine. The commissioners made no presentation, did not participate in the discussions, and did not ask any questions of the presenters.

The Board did not give a general public notice of the meeting. In addition to the commissioners and the presenters, representatives of the National Resource Conservation Service, the mayor of San Luis, county officials, and invited private citizens were in attendance. No member of CCCD, which had been actively involved in legal and ad-

ministrative proceedings concerning the mine for over a decade, was invited.

Both before and after the meeting, the Board received briefings about the issues addressed at the meeting. Shortly after the meeting, the county land use administrator, who also had attended the meeting, issued three permits authorizing the construction of the water treatment facility.

The CCCD sued the Board, alleging a violation of the Act because the Board failed to give public notice of the meeting. The trial court granted summary judgment in favor of the Board.

## I.

Because this case involves issues of statutory construction and a summary judgment, our review is de novo. *See United States Leasing v. Montelongo*, 25 P.3d 1277 (Colo. App.2001); *Sandoval v. Archdiocese of Denver*, 8 P.3d 598 (Colo.App.2000).

## II.

The CCCD contends that the trial court erred in concluding that the meeting was not governed by the Act. We agree.

As relevant here, the Act states:

(a) All meetings of two or more members of any state public body at which any public business is discussed or at which any formal action may be taken are declared to be public meetings open to the public at all times.

(b) *All meetings of a quorum or three or more members of any local public body, whichever is fewer, at which any public business is discussed* or at which any formal action may be taken are declared to be public meetings open to the public at all times.

(c) Any meetings at which the adoption of any proposed policy, position, resolution, rule, regulation, or formal action occurs *or at which a majority or quorum of the body is in attendance, or is expected to be in attendance, shall be held only after full and timely notice to the public.*

Section 24–6–402(2), C.R.S.2001 (emphasis added). Section 24–6–402(1)(b) defines "meeting" as "any kind of gathering, convened to discuss public business, in person, by telephone, electronically, or by other means of communication." The Act excludes from its scope "any chance meeting or social gathering at which discussion of public business is not the central purpose." Section 24–6–402(2)(e), C.R.S.2001.

Courts afford statutory language its ordinary and common meaning, giving effect to every term and provision, including legislative definitions, while harmonizing potentially conflicting provisions, if possible. *See Telluride Resort & Spa, L.P. v. Colorado Department of Revenue*, 40 P.3d 1260 (Colo.2002). When a statute is clear and unambiguous, judicial construction is unwarranted, and the statute must be enforced as written. *See Jones v. Martinez*, 799 P.2d 385 (Colo.1990).

Here, based on these undisputed facts, the trial court found that the meeting was not a chance or social gathering, that public business was discussed at the meeting, and that the meeting was attended by a quorum of the county commissioners in their official, not personal, capacities.

However, the trial court relied on the phrase in § 24–6–402(2)(b), "[a]ll meetings of a quorum or three or more members of any local public body ... at which any public business is discussed," to conclude that the Act applies only to meetings that the public body itself calls, arranges, and in which its members participate. Accordingly, the trial court concluded that the General Assembly did not intend to include within the scope of the Act meetings, like the one here, called or arranged by other government entities or private parties, concerned with public matters, and attended by a quorum of the commissioners who did not participate in the discussion or presentations.

In our view, the trial court's analysis does not properly consider the entire legislative scheme, its purpose, and the relevant definitions.

■■■ The General Assembly intended the Act to afford public access to a broad range of meetings at which public business is discussed and to prevent public bodies from carrying out public business in secret. *See*

§ 24–6–401, C.R.S.2001; *Benson v. McCormick,* 195 Colo. 381, 578 P.2d 651 (1978); *Bagby v. School District No. 1,* 186 Colo. 428, 528 P.2d 1299 (1974). The Act is to be interpreted broadly to further the legislative intent to give citizens an expanded opportunity to become fully informed on issues of public importance, so that meaningful participation in the decision-making process may be achieved. *See Cole v. State,* 673 P.2d 345 (Colo.1983). Even gatherings or meetings that are not formal or official meetings of a public body may be covered by the Act. *See Cole v. State, supra; Bagby v. School District No. 1, supra.*

■ In emphasizing the language of § 24–6–402(2)(b) and concluding that the Act does not necessarily require public notice of "any meeting or presentation at which a quorum is present," the trial court failed to consider § 24–6–402(2)(c), which requires public notice of any meeting where a quorum "is in attendance, or is expected to be in attendance."

Section 24–6–402(2)(c) clearly and unambiguously requires public notice of meetings at which a quorum of commissioners is expected to be present. Thus, reading § 24–6–402(2)(b) and (c) together, we conclude, contrary to the trial court's conclusion, that public notice is required not only when the public body has called or arranged the meeting, but also when a quorum of that body is present or expected to be present at a meeting called or arranged by others. *See* § 24–6–402(1)(b). This construction is consistent with the legislative definition of a meeting as "*any* kind of gathering, convened to discuss public business." *See* § 24–6–402(1)(b) (emphasis added).

Similarly, because the Act clearly and unambiguously makes expected *attendance or expected attendance* of a quorum at a meeting the operative fact in determining whether public notice is required, we disagree with the trial court's analysis and conclusion that *participation* in the discussion is necessary before a meeting is subject to the Act.

Nor do we agree that our interpretation leads to an absurd result. Although each commissioner independently decided whether to attend the meeting, the statute requires notice when the commissioners may be expected to attend, even if they ultimately do not. Without question, the commissioners reasonably were expected to attend a meeting to which they all were invited in their official capacities and where matters of public interest likely to come before the Board would be addressed.

This case is different from the hypotheticals posed by the trial court, in which a quorum of commissioners may decide to attend a meeting independently of one another, without first having been invited or expected to attend. In that case the Act's notice requirement is inapplicable because public notice is, by definition, prospective in nature and can be given only when it is known or expected that the commissioners will attend a meeting.

Here, the commissioners were invited and expected to attend a meeting convened for the purpose of discussing matters of public interest regarding a subject that had been and foreseeably would again be before them, and a quorum in fact did attend. Under these circumstances the commissioners had an obligation either to comply with the public notice requirement of the Act or to negate the expectation that they would attend. This does not lead to an absurd result.

A contrary holding would encourage behavior clearly inconsistent with the purpose of, and jurisprudence pertaining to, the Act. If public entities are excused from the public notice requirements merely because they did not convene or arrange the meeting, private parties would be encouraged to circumvent the Act by inviting public officials to attend as passive onlookers private presentations on public matters for the purpose of influencing their subsequent policy decisions. Consequently, citizens would have less opportunity to become fully informed on issues of public importance and would be deprived of meaningful participation in the decision-making process, thus undermining the legislative purpose behind the Act. *See Cole v. State, supra.* That interpretation would be inconsistent with a liberal construction of the Act in favor of openness and public notice and would fail to protect the public, the Act's

ultimate beneficiary. *See Cole v. State, supra.*

Under the circumstances presented here, the Board was required to give public notice of the meeting pursuant to the Act.

The judgment is reversed.

Judge MARQUEZ and Justice ERICKSON * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.